## IN THE CIRCUIT COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JOSEPH ROY BROWN and
REBECCA BROWN,

      Plaintiffs,

v.

DARIN SHAFFER,
TAX CREDIT SERVICES, LLC,
USVERIFY, INC.,

      Defendants.

No. CT-002246-11
Div. 3

---

TAX CREDIT SERVICES, LLC,

      Counter-Plaintiff,

v.

JOSEPH ROY BROWN,

      Counter-Defendant.

FILED
SEP 2 6 2011
CIRCUIT COURT CLERK
BY_____D.C.

---

## ANSWER AND COUNTERCLAIM OF TAX CREDIT SERVICES, LLC

Comes now the Defendant, Tax Credit Services, LLC, by and through undersigned counsel and for its Answer to the Complaint filed in this cause, would respectfully show and state unto the Court as follows:

1.      Defendant admits that jurisdiction is proper. All other allegations contained in Paragraph 1 of the Complaint are denied.

2.      Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.      Upon information and belief, Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.      Upon information and belief, Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in Paragraph 5 the Complaint pertaining to Defendant Shaffer's domicile and address for service of process.   All other allegations contained in Paragraph 5 of the Complaint are denied.

6.      Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant admits the allegations contained in the first and second sentences of Paragraph 7 of the Complaint.  Defendant denies that USVerify was used to hide assets of other Defendants.

8.      Defendant admits that an offer of employment with TCS was made to Brown. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint to the extent that those allegations pertain to anything other than Brown being employed as President of TCS.

11.     Defendant admits the allegations contained in Paragraph 11 of the Complaint, and further avers that Brown failed to diligently and properly carry out his duties as President of TCS, including, but not limited to, failing to properly run the daily operations of TCS and further failed to grow the business.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits the allegations contained in Paragraph 15 of the Complaint.

*Joseph Roy Brown et al  v. Darin Shaffer et al.*
Answer and Counterclaim of Tax Credit Services, LLC                    2                    Circuit Court No. CT-002246-11
Shelby County, Tennessee
30th Judicial District

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant admits that Plaintiff was paid approximately $100,000.00 in salary. All other allegations contained in Paragraph 23 of the Complaint are denied.

24.     Defendant admits that Plaintiff Roy Brown was terminated on December 9, 2010. Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint. Defendant further avers that Plaintiff Roy Brown was terminated for cause due to the fact he was indicted on November 2, 2010 for multiple felony counts for unauthorized access to computers and conspiracy in the United States District Court of the Northern District of Texas in a criminal proceeding entitled *United States of America v. Joseph Roy Brown* pending under case number 3:10-CR-308-P. Plaintiff Brown pled guilty to one of the felony counts pending against him in that matter on May 18, 2011. A copy of the amended indictment outlining the allegations and charges against Roy Brown is attached hereto as Exhibit "A" and is incorporated by reference herein.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant avers that Non-Disclosure and Non-Competition Agreement is a legal document that speaks for itself, and the allegations contained in Paragraph 26 of the Complaint are an inadequate and incomplete recitation of the respective rights and obligations of the parties

under that Agreement. Moreover, a copy of that Agreement was not attached to the Complaint served on this Defendant. A true and correct copy of the Non-Disclosure and Non-Competition Agreement is attached hereto as Exhibit "B," and is incorporated by reference herein.

27.     Defendant avers that Non-Disclosure and Non-Competition Agreement is a legal document that speaks for itself, and the allegations contained in Paragraph 27 of the Complaint are an inadequate and incomplete recitation of the respective rights and obligations of the parties under that Agreement.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant admits the allegations contained in the first sentence of Paragraph 39 of the Complaint. All other allegations contained in Paragraph 39 of the Complaint are denied. Defendant denies that the Plaintiffs are entitled to the relief prayed for in the prayer for relief following Paragraph 39 of the Complaint.

40.     Defendant repeats and reasserts each and every admission, denial and averment contained in Paragraphs 1 through 39 of this Answer.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint. Defendant denies that the Plaintiffs are entitled to the relief prayed for in the prayer for relief following Paragraph 41 of the Complaint.

42.     Defendant repeats and reasserts each and every admission, denial and averment contained in Paragraphs 1 through 41 of this Answer.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.. Defendant denies that the Plaintiffs are entitled to the relief prayed for in the prayer for relief following Paragraph 43 of the Complaint.

44.     Defendant repeats and reasserts each and every admission, denial and averment contained in Paragraphs 1 through 43 of this Answer.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint. Defendant denies that the Plaintiffs are entitled to the relief prayed for in the prayer for relief following Paragraph 45 of the Complaint.

46.     Defendant repeats and reasserts each and every admission, denial and averment contained in Paragraphs 1 through 45 of this Answer.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint. Defendant denies that the Plaintiffs are entitled to the relief prayed for in the prayer for relief following Paragraph 47 of the Complaint.

48.     In response to the next paragraph of the Complaint mistakenly designated Paragraph 40, Defendant repeats and reasserts each and every admission, denial and averment contained in Paragraphs 1 through 47 of this Answer.

49.     In response to the next paragraph of the Complaint mistakenly designated Paragraph 41, Defendant denies the allegations contained in that Paragraph of the Complaint.

50.     In response to the next paragraph of the Complaint mistakenly designated Paragraph 42, Defendant denies the allegations contained in that Paragraph of the Complaint. Defendant denies that the Plaintiffs are entitled to the relief prayed for in the prayer for relief following that Paragraph of the Complaint.

51.     In response to the next paragraph of the Complaint mistakenly designated Paragraph 43, Defendant repeats and reasserts each and every admission, denial and averment contained in Paragraphs 1 through 50 of this Answer.

52.     In response to the next paragraph of the Complaint mistakenly designated Paragraph 44, Defendant denies the allegations contained in that Paragraph of the Complaint. Defendant denies that the Plaintiffs are entitled to the relief prayed for in the prayer for relief following that Paragraph of the Complaint.

53.     In response to the next paragraph of the Complaint mistakenly designated Paragraph 45, Defendant repeats and reasserts each and every admission, denial and averment contained in Paragraphs 1 through 52 of this Answer.

54.     In response to the next paragraph of the Complaint mistakenly designated Paragraph 46, Defendant denies the allegations contained in that Paragraph of the Complaint. Defendant denies that the Plaintiffs are entitled to the relief prayed for in the prayer for relief following that Paragraph of the Complaint.

55.     In response to the next paragraph of the Complaint mistakenly designated Paragraph 47, Defendant repeats and reasserts each and every admission, denial and averment contained in Paragraphs 1 through 54 of this Answer.

*Joseph Roy Brown et al v. Darin Shaffer et al.*
Answer and Counterclaim of Tax Credit Services, LLC                              6                              Circuit Court No. CT-002246-11
Shelby County, Tennessee
30th Judicial District

56.    In response to the next paragraph of the Complaint mistakenly designated Paragraph 48, Defendant denies the allegations contained in that Paragraph of the Complaint. Defendant denies that the Plaintiffs are entitled to the relief prayed for in the prayer for relief following that Paragraph of the Complaint.

57.    In response to the next paragraph of the Complaint mistakenly designated Paragraph 49, Defendant repeats and reasserts each and every admission, denial and averment contained in Paragraphs 1 through 56 of this Answer.

58.    In response to the next paragraph of the Complaint mistakenly designated Paragraph 50, Defendant denies the allegations contained in that Paragraph of the Complaint.

59.    In response to the next paragraph of the Complaint mistakenly designated Paragraph 51, Defendant denies the allegations contained in that Paragraph of the Complaint. Defendant denies that the Plaintiffs are entitled to the relief prayed for in the prayer for relief following that Paragraph of the Complaint.

60.    In response to the next paragraph of the Complaint mistakenly designated Paragraph 52, Defendant repeats and reasserts each and every admission, denial and averment contained in Paragraphs 1 through 59 of this Answer.

61.    In response to the next paragraph of the Complaint mistakenly designated Paragraph 53, Defendant denies the allegations contained in that Paragraph of the Complaint. Defendant denies that the Plaintiffs are entitled to the relief prayed for in the prayer for relief following that Paragraph of the Complaint.

62.    Defendant denies that the Plaintiffs are entitled to the relief prayed for in the prayer for relief following the last numbered paragraph of the Complaint mistakenly designated Paragraph 53.

63.    Defendant hereby generally denies each and every allegation contained in the Complaint that was not heretofore admitted, denied or otherwise explained.

64.    Defendant avers, as an Affirmative Defense, that the Complaint fails to state a claim for which relief can be granted.

65.    Defendant avers, as an Affirmative Defense, that Plaintiff Brown is under indictment for multiple felony counts for unauthorized access to computers and conspiracy in the United States District Court of the Northern District of Texas in a criminal proceeding entitled *United States of America v. Joseph Roy Brown* pending under case number 3:10-CR-308-P, and that Plaintiff Brown pled guilty to one of the felony counts pending against him in that matter.

66.    Defendant avers, as an Affirmative Defense, that the Plaintiff Brown is not now, nor ever was, a shareholder in Tax Credit Services, LLC.

67.    Defendant avers, as an Affirmative Defense, that the claims asserted in the Plaintiffs' Complaint are barred by applicable statues of limitations.

68.    Defendant, as an Affirmative Defense, asserts the doctrine of comparative fault and further avers that the Plaintiffs committed acts or omissions that were the sole cause of any damages, if any, that they claim to have sustained for which they seek recovery.

69.    Defendant avers, as an Affirmative Defense, that the Plaintiffs' claims are barred by the doctrine of laches.

70.    Defendant avers, as an Affirmative Defense, that the Plaintiffs' claims are barred by the doctrine of waiver.

71.    Defendant avers, as an Affirmative Defense, that the Plaintiffs' claims are barred by the doctrine of estoppel.

72.    Defendant avers, as an Affirmative Defense, that the Plaintiffs are guilty of unclean hands.

## COUNTERCLAIM

Having fully answered the Complaint filed against it in this cause, TCS now assumes the role of Counter-Plaintiff, and pursuant to Rule 13 of the Tennessee Rules of Civil Procedure, asserts its compulsory Counterclaim against the Counter-Defendant, Joseph Roy Brown, and would respectfully show of state and to the Court as follows:

### PARTIES

1.    The Counter-Plaintiff, TCS, is a Tennessee corporation with its principal place of business located in Memphis, Tennessee.

2.    The Counter-Defendant, Brown, is an adult resident citizen of Shelby County, Tennessee who may be served with process at 936 Hardwoood View Cove, Collierville, Tennessee 38017.

3.    Jurisdiction and venue in this Court are proper as the acts complained of occurred in Shelby County, Tennessee, and the Agreement at issue in this case establishes the State and Federal Courts located in Shelby County, Tennessee as the exclusive forum for disputes between the TCS and Brown.

### FACTUAL BACKGROUND

4.    On or about June 1, 2009, TCS and Brown entered into a Non-Disclosure and Non-Competition Agreement in connection with Brown's employment as President of TCS. A copy of this Agreement is attached hereto as Exhibit "B."

5.      Brown commenced his duties as President of TCS. One of Brown's duties as President of TCS was to manage, grow and develop the company's business, and to appropriately discharge his other duties as President of TCS.

6.      While employed as President of TCS, Brown did not devote his full time and attention to the management and development of TCS business. Instead, Brown neglected his duties to TCS pursuing other business ventures unrelated to TCS and devoted time and resources to the pursuit of those business ventures, including, but not limited to, pursuing his career as a real estate broker. On several occasions, Brown neglected his duties at TCS and was not present at the offices of TCS in order to attend real estate closings. In addition, Brown conducted his real estate business at TCS's offices including, but not limited to, interviewing potential brokers at TCS's offices during TCS normal business hours.

7.      In addition, Brown took excessive time off away from his duties at TCS and received proximally $6,000.00 in excess paid vacation above TCS corporate policy limits.

8.      While employed as President of TCS, Brown failed to carry out his duties in growing the business and customer base. As a result, from June 1, 2009 through December 31, 2009, TCS generated no income from TCS clients secured by Brown. From January 1, 2010 through December 31, 2010, TCS generated no income from TCS clients secured by Brown. From January 1, 2011 through July 1, 2011, TCS realized only $7,122.73 of income from clients secured by Brown.

9.      In September 2010, Brown advised the CEO of TCS that he was the subject of an investigation and potential indictment for felony crimes in the United States District Court Northern District of Texas. Prior to this time, Brown did not disclose to the CEO of TCS that he

was under threat of indictment or otherwise being investigating for the commission of potential felony crimes.

10.   On November 2, 2010, Brown was indicted for multiple felony counts for unauthorized access to computers and conspiracy in the United States District Court of the Northern District of Texas in a criminal proceeding entitled *United States of America v. Joseph Roy Brown* pending under case number 3:10-CR-308-P.

11.   On December 9, 2010, Brown was discharged as an employee of TCS, and left the premises approximately 3:45 PM.

12.   Immediately following Brown's termination on December 9, 2010 at approximately 4:00 PM, all of Brown's access to TCS servers and e-mail accounts was terminated, including, Brown's TCS e-mail account.

13.   Upon discovering that access to his TCS e-mail account had been terminated, Brown wrongfully and without authorization contacted the e-mail vendor for TCS, and without authorization, had access to his TCS e-mail account restored.

14.   After restoring access to his TCS e-mail account, which was not authorized or permitted by TCS, Brown engaged in multiple unauthorized accesses to his TCS e-mail account and TCS e-mail servers.

15.   Subsequent to his termination, Brown contacted TCS employees and encouraged them to end their employment with TCS.

16.   Subsequent to his termination, Brown made slanderous, defamatory and disparaging remarks to TCS officers and employees concerning TCS CEO Darin Shaffer.

17.   Subsequent to his termination, Brown used his company laptop computer to access TCS proprietary information and intellectual property contained in computer files

including, but not limited to, TCS client lists, TCS client contact information, TCS active leads and TCS financial information. In addition, Brown utilized his company laptop computer to access various electronic files containing referral agreements, reseller agreements, service agreements and tax credit research.

18.     Subsequent to his termination, Brown committed unauthorized computer access to TCS data files containing TCS proprietary and confidential information and intellectual property on the following dates and times:

December 11, 2010 at 9:25 AM (Excel spreadsheet data file containing TCS active leads);

December 26, 2010 at 7:34 PM (PDF of 2005 renewal community map);

December 26, 2010 at 7:59 PM (Word document concerning TCS research concerning tax credit accounting and auditing);

December 26, 2010 at 8:00 PM (Word document containing TCS website content);

January 3, 2011 at 12:10 PM (Excel spreadsheet containing TCS client list);

January 5, 2011 at 2:27 PM (Excel spreadsheet containing TCS client list);

January 5, 2011 at 2:28 PM (Excel spreadsheet containing financial information regarding separate entity USVerify, Inc.);

January 6, 2011 at 1:42 PM (Word version of agreement between TCS and Client Number 1);

January 6, 2011 at 1:42 PM (Word version of agreement between TCS and Client Number 2);

January 6, 2011 at 1:42 PM (Word version of agreement between TCS and Reseller Number 1);

January 6, 2011 at 1:46 PM (PDF of TCS Service Agreement);

January 6, 2011 at 1:46 PM (Word version of agreement between TCS and Client Number 3);

January 6, 2011 at 1:47 PM (Word version of agreement between TCS and Reseller Number 2);

January 6, 2011 at 1:48 PM (PDF of TCS Reseller Agreement);

January 6, 2011 at 1:50 PM (Word version of referral agreement between TCS and Client Number 4);

January 6, 2011 at 1:53 PM (PDF of executed agreement between TCS and Client Number 5);

January 8, 2011 at 10:47 AM (Excel spreadsheet at TCS financial information dated December 2, 2010).

19.    Brown committed these unauthorized accesses to these data files prior to the return of his company laptop to TCS on January 9, 2011. In addition to these unauthorized accesses to TCS computer data, Brown, without authorization, deleted prior backups of his company computer laptop

20.    Utilizing confidential and proprietary information obtained from these computer data files, Brown contacted TCS sales agents and resellers subsequent to his termination.

21.    In an order to pay a retainer to his lawyer in Texas to represent Brown concerning his criminal proceeding pending in the United States District Court for the Northern District of Texas, Brown obtained a $10,000.00 loan from TCS which he has not repaid.

22.    Brown continues to remain in possession of certain property including TCS confidential information, proprietary information and intellectual property (including client list, lists of prospective TCS clients, TCS client agreements and forms), as well as artwork and a cell phone that are property of TCS.

23.    On May 18, 2011, Brown pled guilty to one of the felony counts pending against him in the United States District Court of the Northern District of Texas in the criminal

proceeding entitled *United States of America v. Joseph Roy Brown* pending under case number 3:10-CR-308-P.

## COUNT I
## BREACH OF CONTRACT

24.    TCS repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this Counterclaim.

25.    Pursuant to Paragraph 1(a) of the Agreement, Brown acknowledged that in the course of his employment with TCS, Brown would come into possession of "Confidential Information" as that term is defined in the Agreement.

26.    Pursuant to Paragraph 1(b) of the Agreement, Brown was obligated to maintain and treat as confidential, all Confidential Information as defined in the Agreement for a period of five (5) years following termination of his employment.

27.    Pursuant to Paragraph 1(d) of the Agreement, Brown acknowledged that all Confidential Information obtained by him during the course of his employment constituted "valuable trade secrets and proprietary information" of TCS.

28.    Pursuant to Paragraph 1(d) of the Agreement, Brown acknowledged that in the event of a breach by him of the confidentiality provisions of the Agreement, the remedies available at law to TCS would be inadequate and that injunctive relief against Brown would be warranted.

29.    Pursuant to Paragraph 3(a)(i) of the Agreement, Brown acknowledged and agreed that for a period of one (1) year following his termination, Brown, his agents and/or affiliates were restricted from competing directly or indirectly with TCS.

30.    Pursuant to Paragraph 3(a)(ii) of the Agreement, Brown acknowledged and agreed that for a period of one year following his termination, he was restricted from directly or

*Joseph Roy Brown et al v. Darin Shaffer et al.*
Answer and Counterclaim of Tax Credit Services, LLC                     14                     Circuit Court No. CT-002246-11
                                                                                                Shelby County, Tennessee
                                                                                                30th Judicial District

indirectly soliciting, diverting or accepting work or services which compete with TCS business from any customer at TCS or to cause any such TCS customer to refrain from doing business with TCS.

31.     Pursuant to Paragraph 3(a)(iii) of the Agreement, Brown acknowledged and agreed that for a period of one (1) year following his termination, he was restricted from directly or indirectly soliciting for employment any employee at TCS, or incurring the termination of employment by any person employed by TCS.

32.     Pursuant to Paragraph 4 of the Agreement, Brown agreed to the reasonableness of all restrictions contained within the Agreement.

33.     Brown breached the Agreement by utilizing TCS confidential and proprietary information and intellectual property subsequent to his termination for his own pecuniary gain by establishing or attempting to establish a business that directly competes with TCS.

34.     Utilizing TCS confidential and proprietary information and intellectual property, Brown breached the Agreement by contacting sales agents and resellers of TCS subsequent to his termination for his own pecuniary gain by establishing or attempting to establish a business that directly competes with TCS.

35.     Brown breached the Agreement by contacting employees of TCS and encouraging those employees to terminate their employment with TCS for the sole purpose of disrupting and interfering with the business operations of TCS.

36.     As a result of various breaches of contract committed by Brown, TCS has been damaged in an amount to be proven at trial, but in no event are said damages less than $500,000.00.

*Joseph Roy Brown et al v. Darin Shaffer et al.*
Answer and Counterclaim of Tax Credit Services, LLC                    15                    Circuit Court No. CT-002246-11
Shelby County, Tennessee
30th Judicial District

## COUNT II
## CONVERSION OF PROPERTY

37.    TCS repeats and realleges each and every allegation contained in paragraphs 1 through 36 of this Counterclaim.

38.    As alleged more specifically in other paragraphs of this Counterclaim, Brown has converted for his own use, personal and intellectual property of TCS, including, but not limited to, $10,000.00, and various items of other TCS property such as furniture and fixtures.

39.    As alleged more specifically in Paragraph 18 of this Counterclaim, Brown has converted intellectual property and confidential information of TCS, including, but not limited to, client lists, forms, pricing schedules, data files, data processes and other intellectual property which was developed for the sole use of TCS in carrying out its business of providing tax credit services to existing and future clients of TCS.

40.    All of the aforementioned intellectual property constitutes unique proprietary information and property that is essential to TCS's business model. Brown's use and dissemination of this proprietary information and intellectual property could allow for the replication of TCS's business model by Brown or other entities to which that information may be transmitted. Such improper use and dissemination of this information could jeopardize potential future revenue and the goodwill of TCS.

41.    The value of the property wrongfully converted by Brown will be proven at trial, but in no event as the value of said property less than $2,000,000.00.

## COUNT III
## INJUNCTIVE RELIEF

42.   TCS repeats and realleges each and every allegation contained in paragraphs 1 through 41 of this Counterclaim.

43.   Pursuant to Paragraph 1(b) of the Agreement, Brown acknowledged that a breach of the confidentiality provisions would result in irreparable harm to TCS, and that injunctive relief preventing any threatened or future breaches of the confidentiality provisions of the Agreement was appropriate.

44.   Brown, through unauthorized access of computer data files, obtained confidential and proprietary information and intellectual property as more specifically pled and other paragraphs this Counterclaim.

45.   Subsequent to his termination from his employment with TCS, Brown has contacted TCS sales agents and resellers in violation of the Agreement.

46.   Brown has utilized confidential and proprietary information and intellectual property of TCS in an effort to establish a competing business in violation of the terms of the Agreement.

47.   As acknowledged by Brown in the Agreement, TCS has no adequate remedy at law for these breaches of the Agreement by Brown.

48.   Brown should therefore be enjoined from utilizing any data files, confidential information, proprietary information and/or intellectual property of TCS. Further, Brown should be enjoined from any contact with employees of TCS and present or future clients of TCS. Brown should also be enjoined from participating in, employment by, and/or establishing any business that competes with TCS or offers the same or similar services as those provided by TCS. Mandatory injunctive relief should be awarded against Joseph Roy Brown requiring the

return to TCS of all personal property, intellectual property, data files, confidential information, proprietary information and any other property of TCS.

## COUNT IV
## PUNITIVE DAMAGES

49.    TCS repeats and realleges each and every allegation contained in paragraphs 1 through 48 of this Counterclaim.

50.    As more particularly pled in other paragraphs of this Counterclaim, Brown committed intentional acts, including conversion of electronic data through unauthorized access of his company laptop and his TCS e-mail account subsequent to his termination, and conversion of TCS confidential information, intellectual property and proprietary information that is the sole property of TCS.

51.    TCS alleges that Brown's conduct as more particularly described in other paragraphs of this Counterclaim was intentional, fraudulent, malicious, and/or reckless.

52.    Brown's conduct is the type of intentional or reckless conduct such that Brown is liable for punitive damages in order to deter Brown and others similarly situated from engaging in similar conduct in the future.

53.    TCS should be awarded punitive damages against Brown in the amount of $2,000,000.00.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Tax Credit Services, LLC respectfully prays as follows:

1.    That the TCS be awarded a judgment in its favor dismissing the Complaint;

2.    That TCS be awarded a judgment in its favor on its Counterclaim against Joseph Roy Brown for compensatory damages in an amount to be proven at trial, but in no event less than $2,000,000.00.

*Joseph Roy Brown et al v. Darin Shaffer et al.*
Answer and Counterclaim of Tax Credit Services, LLC                                    18                                    Circuit Court No. CT-002246-11
Shelby County, Tennessee
30th Judicial District

3.     That TCS be awarded punitive damages against Joseph Roy Brown in the amount of $2,000,000.00.

4.     That preliminary and permanent injunctive relief be awarded in favor of TCS against Joseph Roy Brown enjoining him from utilizing any data files, confidential information, proprietary information and/or intellectual property of TCS; from having any contact with employees, resellers or sales agents of TCS and present or future clients of TCS; and participating in, being employed by and/or establishing any business that competes with TCS or offers the same or similar services as those provided by TCS.

5.     That mandatory injunctive relief be awarded in favor of TCS against Joseph Roy Brown requiring the return to TCS of all personal property, intellectual property, data files, confidential information, proprietary information and any other property of TCS.

6.     That the costs of this cause be assessed against Joseph Roy Brown and Rebecca Brown;

7.     That the TCS be awarded its attorney's fees;

8.     That the TCS be awarded any such other, further and general relief to which it may be entitled.

Respectfully submitted,

THE FRICK LAW FIRM, PLLC

Scott A. Frick               (012972)
5860 Ridgeway Center Parkway, Suite 110
Memphis, Tennessee 38120
(901) 260-4515 *voice* (901) 260-4516 *fax*
E-mail: sfrick@fricklawfirm.net
***Attorney for Defendant/Counter-Claimant***

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CAUSE**

## CERTIFICATE OF SERVICE

I, Scott A. Frick, do hereby certify that I have forwarded a true and correct copy of the foregoing **ANSWER AND COUNTERCLAIM OF TAX CREDIT SERVICES, LLC,** via first-class, United States Mail, postage prepaid this 26th day of September, 2011, to:

> James W. Hodges, Jr., Esq.
> 5100 Poplar Avenue, Suite 610
> Memphis, Tennessee 38137

Scott A. Frick

C:\Users\Dell Main\Documents\Client WP\0021 Tax Credit Services\001 Brown\pld - Answer (TCS).docx