IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | No. 3:10-CR-00308-P |
| v. | § | |
| | § | (ECF) |
| MICHAEL MUSACCHIO (1) | § | |
| JOHN MICHAEL KELLY (3) | § | |

GOVERNMENT'S SUPPLEMENTAL MEMORANDUM REGARDING
DEFENDANT MUSACCHIO'S MOTION TO SUPPRESS EVIDENCE (Doc. 66)

The United States of America, by and through the United States Attorney, files this supplemental memorandum in support of its original response (Doc. 73) to Defendant Musacchio's Motion to Suppress Evidence (Doc. 66). Defendant Musacchio filed a motion to suppress all digital evidence that has been obtained from Exel computer servers on the grounds that "certain evidence is suspected to have been illegally tainted by the government." In anticipation of a hearing on this motion, the government supplements its previous response (Doc. 73), with this memorandum. In the government's previous response to Defendant Musacchio's Motion to Suppress, the government provided a detailed factual background of the digital evidence obtained by the government up to the filing of the government's response. The government hereby incorporates that background into this memorandum and relies upon the same (see Doc. 73).

**UPDATED BACKGROUND**

In addition, since the filing of its original response, the government has obtained and made available to the defendants as discovery a large number of images of Total

Transportation backup servers and CD images which were obtained from the forensic firm of Alvarez & Marsal.  Alvarez & Marsal obtained this data while under contract with Thompson & Knight, attorneys for Total Transportation Services (TTS) in the civil lawsuit between Exel and TTS in 2006.  Other data devices such as laptops, hard drives, and cell phones were obtained from TTS where they had been stored since 2006.  The TTS backup tapes which were obtained by Alvarez & Marsal from TTS are separate sources of data from the images made by the court-appointed forensic expert ASR Data.  The data on the TTS backup tapes which were obtained from Alvarez & Marsal by the government was not accessed by either the firm of G-C Partners, or Dave Cowen, or Kal Loper or any other individual who has been accused of evidence tampering by defendant Musacchio in this case, or by the Receiver Karen Cook in the ED Texas case.  Certain TTS data from the backup servers obtained from Alvarez & Marsal also contains portions of Exel employee emails which were copied while on Exel servers, and then emailed to and from defendants Musacchio and Brown.

   This memorandum will focus on the issues that an evidentiary hearing on Defendant Musacchio's motion will likely raise.

## SUPPLEMENTAL LEGAL ISSUES PRESENTED

**1. Suppression Is Not An Appropriate Remedy.**

Defendant Musacchio captioned his motion (Doc. 66) as a motion to suppress evidence. However, there are no facts to support a finding of a constitutional violation which would warrant suppression as a remedy.  Even if defendant Musacchio had alleged specific acts of tampering in this case,  such acts did not involve state action, but rather

alleged actions by private individual(s) committed long before the government began its investigation into the conduct of the Defendant. Therefore, absent any constitutional violation, as well as the absence of any other congressional intention indicating that suppression is the appropriate remedy in this case, suppression is not available as a remedy. *See United States v. Kingston*, 801 F.2d 733, 737 (5th Cir. 1986)(when analyzing a potential violation of the Right to Financial Privacy Act, the court found that absent a constitutional violation and the lack of congressional intention to provide suppression as a remedy for violations of that act, suppression was inappropriate); *U.S. v. Payner*, 447 U.S. 727, 734 (1980)(when considering a case which involved deliberate intrusions into the privacy of persons who were unlikely to become defendants in a criminal prosecution, the Supreme Court rejected a federal court's use of its supervisory power to suppress evidence absent an infringement of the defendant's constitutional rights).

Therefore, Defendant's motion should more properly be treated as a motion in limine to preclude the evidence, and not as a motion to suppress evidence.

### 2. Defendant's Motion As A Motion In Limine, Should Still Be Denied.

There are two key differences between a motion to suppress and a motion in limine. First, a motion to suppress would assert that items of evidence were illegally obtained and is grounded in a constitutional right. However, a motion in limine is not based on a claim of a constitutional violation and typically argues that the materiality of the evidence is outweighed by its prejudicial impact under Rule 403, FED. R. CRIM. P. Second, a successful motion to suppress permanently excludes the evidence from trial. A

prevailing motion in limine, by contrast, does not preclude admission of the evidence at a later time.

Musacchio claims in the first paragraph of his motion to suppress that the government "tainted" evidence without providing any factual support for the claim. The uncontested facts show that the government could not have tainted or tampered with the evidence at the time of its collection by third parties such as Exel and G-C Partners. The gravamen of the motion is that the evidence collected by G-C Partners "is suspected to have been illegally tainted" by persons working for G-C Partners, specifically Kal Loper and Dave Cowen. (*See* Def.'s Mot. To Suppress at 1. (*emphasis added*). The language of the motion betrays the speculative nature of Defendant Musacchio's claim because it merely asserts that Musacchio "suspect[s]" illegal evidence tampering.

Moreover, Defendant Musacchio does not state facts which would support a claim of any improper conduct by the government in the motion, and it is axiomatic that a constitutional violation requires state action. Instead the motion to suppress focuses exclusively on the conduct of G-C Partners, a private actor. (*See* Def.'s Mot. To Suppress at 1-2.) Because all of the evidence which defendant seeks to "suppress" was collected by G-C Partners from Exel, it is factually impossible for the government to have "tainted" the evidence in the manner described by Defendant Musacchio. (*Id.* at 1.) Defendant's motion is therefore not a motion to suppress—It is a motion in limine.

### 3. Defendant Has The Burden of Proof

If Defendant's motion is viewed as a motion to suppress evidence, the burden of proof would be on the Defendant to prove a constitutional violation by a preponderance

**Gov. Supp. Memo Re Def Musacchio Mot Suppress Evid (Doc. 66) - Page 4**

of the evidence, and, if he were to do so, the burden would then shift to the government to demonstrate why the evidence should not be excluded.  *U.S. v. Ellis*, 330 F.3d 677, 679 (5th Cir. 2003), *citing U.S. v. Runyan*, 290 F.3d 223, 234 (5th Cir. 2002).   However, as discussed above, this motion should not be considered a suppression motion, but rather a motion in limine.  When viewed as such, the burden is on Defendant Musacchio to show why the evidence from Exel's servers should be suppressed.

Defendant Musacchio is the moving party and bears the burden of proof on his motion in limine which is mischaracterized as a motion to suppress.  District courts have held that the movant has the burden of establishing that evidence is not admissible for any purpose.  *See United States v. Goodale*, 831 F.Supp.2d 804, 807-08 (D.Vt. 2011).

In addition to the authorities cited in the Government's original response to Defendant Musacchio's Motion  (Doc. 73), the government supplements the authorities discussed there with the following:

*United States v. Reyes*, 157 F.3d 949 (2d Cir. 1998)  supports the government's position that the motion to suppress should be denied, and even if it were considered to be a motion in limine, it should be denied.  In *Reyes*, a drug kingpin was convicted of murder, among other charges, partly on the strength of testimony by one of Reyes' former hit men.  Id. at 950.  The hit man testified that he visited Reyes several times while Reyes was in prison for unlawful weapons possession, and the prosecution offered the prison's visitor logbook to corroborate the hit man's account.  *Id.*  Reyes argued that the logbook was untrustworthy as evidence because it showed irregularities and because

prison visitors would have known that the logbook might be used to monitor contacts with inmates, and therefore the visitors had an incentive to provide misinformation.  *Id.* at 953.  The trial court held that the irregularities went to the weight of the evidence—not the admissibility.  The Second Circuit affirmed the trial court and held that Reyes had succeeded in raising the issue of trustworthiness for the logbook, but that the prison procedures for the logbook were sufficient for the trial court to find the book trustworthy and that any residual doubts concerning trustworthiness went to the weight of the evidence, not its admissibility." *Id.*

*Reyes* is analogous to this case.  Like the defendant in *Reyes*, Musacchio argues that there are reasons to doubt the trustworthiness of the images of Exel computers made by G-C Partners, but the government can show that there are many countervailing considerations and that corroborative evidence exists that supports the trustworthiness of that evidence.  Therefore, in the instant case, the suspicion expressed by Defendant Musacchio concerning the trustworthiness of images made by G-C Partners goes to the weight–not to the admissability of the evidence, and that is enough to overcome Defendant Musacchio's attempt to preclude introduction of the Exel evidence related to G-C Partners.  *See also, United States v. Beasley*, 102 F.3d 1440, 1448 (8th Cir. 1996)("We agree with the District Court that these alleged deficiencies (which the government vigorously disputes) go to the weight of the DNA evidence, not to its admissibility."); *Harris v. Vild*, 893 F.2d 1338 (9th Cir. 1990) ("Even though the trial court found the possibility that the evidence was contaminated, this finding went to the

weight of the evidence, not its admissibility."). The government, as a proponent of evidence, is not required to offer conclusive proof of authenticity, but merely to meet pertinent admissibility requirements. *U. S. v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003); *U. S. v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009). Conclusive proof of authenticity is not required before admission of even disputed evidence. *In re McLain*, 516 F.3d 301, 308 (5th Cir. 1989).

## CONCLUSION

As to the specific allegations that are contained in the Defendant's motion to suppress, the government also relies upon its previous response as filed in Doc. 73. Defendant Musacchio has the burden of proof on his motion which is actually a motion in limine because no state action is alleged, and his motion is based on an objection to the trustworthiness of the evidence. Defendant Musacchio claims that evidence has been "illegally tainted by the government," but has failed to identify anything on Exel servers which were imaged by G-C Partners as being tampered with, and can certainly not show any tampering activity on the part of the government which obtained the evidence from a third party. The government does not need to disprove a negative in order to introduce evidence, *i.e.* prove that no tampering has occurred, and there is sufficient corroborative evidence to support its trustworthiness such that the characterization of Defendant's motion as either a motion to suppress or motion in limine should not preclude the government's ability to introduce the evidence in issue at trial. Therefore, the

government requests that Defendant Musacchio's motion be denied.

        Respectfully submitted,

        SARAH R. SALDAÑA
        UNITED STATES ATTORNEY


        */s/ Linda C. Groves*
        LINDA C. GROVES
        Assistant U. S. Attorney
        Texas Bar no. 08553100
        1100 Commerce, Third Floor
        Dallas, Texas 75242-1699
        Tel. 214.659.8600
        Fax 214.659.8812
        Linda.Groves@usdoj.gov

        RICHARD D. GREEN
        Trial Attorney
        Computer Crime Intellectual Property Section
        U. S. Department of Justice
        1301 New York Avenue NW, Suite 600
        Washington, D.C. 20005
        Tel. 202.616.3475
        Fax 202.514.6113
        Richard.Green@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2012, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Linda Groves*
LINDA GROVES
Assistant United States Attorney