DFTTERM,STICKNEY

# U.S. District Court
## Northern District of Texas (Dallas)
### CRIMINAL DOCKET FOR CASE #: <u>3:10−cr−00308−P−1</u>

Case title: USA v. Musacchio et al

Date Filed: 11/02/2010
Date Terminated: 11/19/2013

---

Assigned to: Judge Jorge A Solis

Appeals court case number: 13−11294

**<u>Defendant (1)</u>**

**Michael Musacchio**
*TERMINATED: 11/19/2013*

represented by **Jay Ethington**
Law Offices of Jay Ethington
3131 McKinney Avenue, Suite 800
Dallas, TX 75204
214−740−9955
Fax: 214−740−9912
Email: jay@jayethington.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Admitted/In Good Standing*

**Elizabeth Hosea Lemoine**
Wick Phillips Gould & Martin, LLP
3131 McKinney Ave. Suite 100
Suite 700
Dallas, TX 75204
(214) 692−6200
Fax: (214) 692−6255
Email: elizabeth.lemoine@wickphillips.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Admitted/In Good Standing*

**Jody Lynn Rudman**
NOSSAMAN, LLP
816 Congress Ave., Suite 970
Austin, TX 78701
512−651−0660
Fax: 512−651−0670
Email: jrudman@nossaman.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Admitted/In Good Standing*

**Joe Kendall**

CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK

By s/ THOMAS DREW
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF TEXAS
November 30, 2018

1

Kendall Law Group PLLC
3811 Turtle Creek Blvd.
Suite 1450
Dallas, TX 75219
214−744−3000
Fax: 214−744−3015
Email: jkendall@kendalllawgroup.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Admitted/In Good Standing*

**N Henry Simpson , III**
Busch Ruotolo & Simpson LLP
100 Crescent Court, Suite 250
Dallas, TX 75201
214−389−2893
Fax: 214−855−2871
Email: hsimpson@buschllp.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Admitted/In Good Standing*

**Reid Manning**
Law Office of Reid Manning
P.O. Box 192665
Dallas, TX 75219
214/740−9955
Fax: 214/740−9912
Email: reidmanninglaw@gmail.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Admitted/In Good Standing*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:371 Conspiracy to Make Unauthorized Access to Protected Computer and to Exceed Authorized Access to Protected Computer (1) | DISMISSED per JS chambers |
| 18:371 Conspiracy to Make Unauthorized Access to Protected Computed (18:1030(a)(2)(C);(c)(2)(B)(i) and (iii) (unauthorized access)) (1s) | DISMISSED per JS chambers |
| 18:371; 1030(a)(2)(c);(c)(2)(B)(i) and (iii) Conspiracy To Make Unauthorized Access to Protected Computer (1ss) | BOP for a term of Sixty (60) Months as to Count 1; Supervised Release for Three (3) years as to Count 1; Restitution to be Determined; MSA $100.00 |
| 18:1030(a)(2)(C); (c)(2)(B)(i) and (iii) Unauthorized Access to Protected Computers (2s−3s) | DISMISSED per JS chambers |

| | |
|---|---|
| 18:1030(a)(2)(c); (c)(2)(B)(i) and (iii) Unauthorized Access to Protected Computers (2ss) | BOP for a term of Sixty Months as to Count 2 to run concurrent to Count 1; 3 Months as to Count 3 to run consecutive to Counts 1 and 2; Supervised Release Three years as to each Counts to run concurrent; Restitution to be determined; MSA $100 per count. |
| 18:1030(a)(2)(c); (c)(2)(B)(i) and (iii) Unauthorized Access to Protected Computers (3ss) | BOP for a term of Sixty Months as to Count 2 to run concurrent to Count 1; 3 Months as to Count 3 to run consecutive to Counts 1 and 2; Supervised Release Three years as to each Counts to run concurrent; Restitution to be determined; MSA $100 per count. |
| 18:1030(a)(2)(C);(c)(2)(B)(i)−(iii)Unauthorized Access to Protected Computers (23−24) | |

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                           **Disposition**

None

---

**Movant**

**Karen L Cook**                        represented by   **Karen Lundskow Cook**
Karen Cook PLLC
1717 McKinney Avenue
Suite 700
Dallas, TX 75202
214−593−6429
Fax: 214−593−6431
Email: karen@karencooklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

---

**Plaintiff**

**USA**                                 represented by **Linda C Groves−DOJ**
US Attorney's Office
1100 Commerce St
3rd Floor
Dallas, TX 75242−1699
214/659−8600
Fax: 214/767−2846
Email: usatxn.ecfbounceback@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*
*Bar Status: Admitted/In Good Standing*

**Candina S Heath−DOJ**
US Attorney's Office
1100 Commerce St
3rd Floor
Dallas, TX 75242−1699
214−659−8634
Fax: 214−659−8805
Email: candina.heath@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*
*Bar Status: Admitted/In Good Standing*

**Mona Sedky**
US Department of Justice−Computer
Crime Intel Prop Section
10th & Constitution Ave NW
John C Keeney Bldg Suite 600
Washington, DC 20005
202/353−4304
Fax: 202/514−6113
*TERMINATED: 07/20/2011*
*Designation: Retained*
*Bar Status: Not Admitted*

**Richard D Green**
US Attorney's Office
Department of Justice
1301 New York Avenue NW
Suite 600
Washington, DC 20005
202/616−3475
Fax: 202/514−6113
Email: richard.green@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Not Admitted*

| Date Filed | # | Page | Docket Text |
| --- | --- | --- | --- |

| 11/02/2010 | | | Magistrate Judge Stickney chosen by random selection to handle matters that may be referred in case as to Michael Musacchio, Joseph Taylor (Roy) Brown, John Michael Kelly. (ykp) (Entered: 11/03/2010) |
|---|---|---|---|
| 11/02/2010 | 1 | 25 | INDICTMENT as to Michael Musacchio (1) count(s) 1, 23−24, Joseph Taylor (Roy) Brown (2) count(s) 1, 2−22, John Michael Kelly (3) count(s) 1, 2−22. (ykp) (Entered: 11/03/2010) |
| 11/04/2010 | | | Voluntary Surrender of Michael Musacchio. (mcr) (Entered: 11/05/2010) |
| 11/04/2010 | 3 | | Minute Entry for proceedings held before Magistrate Judge Renee Harris Toliver: Initial Appearance as to Michael Musacchio held on 11/4/2010. Attorney Appearances: AUSA − Linda Groves; Defense − Jay Ethington. (Court Reporter: Digital File) (No exhibits) Time in Court − :08. (mcr) (Entered: 11/05/2010) |
| 11/04/2010 | 4 | | NOTICE OF ATTORNEY APPEARANCE by Jay Ethington appearing for Michael Musacchio. (mcr) (Entered: 11/05/2010) |
| 11/04/2010 | 5 | | ORDER Setting Conditions of Release as to Michael Musacchio (1) PR. (Ordered by Magistrate Judge Renee Harris Toliver on 11/4/2010) (mcr) (Entered: 11/05/2010) |
| 11/04/2010 | 6 | | Minute Entry for proceedings held before Magistrate Judge Renee Harris Toliver: Arraignment as to Michael Musacchio (1) Count 1,23−24 held on 11/4/2010. Plea entered by Michael Musacchio: Not Guilty on counts 1,23,24. Attorney Appearances: AUSA − Linda Groves; Defense − Jay Ethington. (Court Reporter: Digital File) (No exhibits) Time in Court − :01. (mcr) (Entered: 11/05/2010) |
| 11/05/2010 | 12 | | Receipt for Surrender of Passport as to Michael Musacchio. Passport Number 439908295 issued by USA. (dnc) (Entered: 11/05/2010) |
| 11/08/2010 | 21 | | PRETRIAL SCHEDULING ORDER as to Michael Musacchio: Jury Trial set for 1/3/2011 08:45 AM before Judge Jorge A Solis. Motions due by 11/19/2010. Pretrial Conference set for 12/22/2010 03:00 PM before Judge Jorge A Solis. Pretrial Materials due by 12/17/2010. Responses due by 12/1/2010. (Ordered by Judge Jorge A Solis on 11/8/2010) (axm) (Entered: 11/08/2010) |
| 11/08/2010 | 22 | | Arrest Warrant Returned Executed on 11/3/2010 as to Michael Musacchio. (jrb) (Entered: 11/09/2010) |
| 11/17/2010 | 25 | | Unopposed MOTION for Designation as Complex Case and for Continuance filed by USA as to Michael Musacchio, Joseph Taylor (Roy) Brown, John Michael Kelly (Groves−DOJ, Linda) Modified on 11/18/2010 (skt). (Entered: 11/17/2010) |
| 11/19/2010 | 26 | | ORDER granting 25 Unopposed Motion for Designation as Complex Case and for Continuance as to Michael Musacchio (1), Joseph Taylor (Roy) Brown (2), John Michael Kelly (3). Jury Trial continued to 7/18/2011 08:45 AM before Judge Jorge A Solis. Motions due by 6/8/2011. Pretrial Materials due by 7/1/2011. Responses due by 6/20/2011. Pretrial Conference set for 7/6/2011 03:00 PM before Judge Jorge A Solis. (see order) (Ordered by Judge Jorge A Solis on 11/19/2010) (axm) (Entered: 11/19/2010) |

| 12/20/2010 | 27 | Unopposed MOTION to Amend/Correct 1 Indictment filed by USA as to Michael Musacchio, Joseph Taylor (Roy) Brown, John Michael Kelly (Attachments: # 1 Proposed Amendment Amended Indictment) (Groves−DOJ, Linda) (Entered: 12/20/2010) |
| --- | --- | --- |
| 12/21/2010 | 28 | ORDER granting 27 Government's Motion Requesting the Court to Permit the Filing of an Amended Indictment to Correct the Name of Defendant No. 2 to "Joseph Roy Brown" as to Michael Musacchio (1), Joseph Taylor (Roy) Brown (2), John Michael Kelly (3). (See Order) (Ordered by Judge Jorge A Solis on 12/21/2010) (skt) (Entered: 12/21/2010) |
| 05/24/2011 | 41 | Unopposed MOTION to Continue filed by Michael Musacchio (Attachments: # 1 Proposed Order) (Ethington, Jay) (Entered: 05/24/2011) |
| 05/24/2011 | 42 | ORDER granting 41 Motion to Continue as to Michael Musacchio (1). (Ordered by Judge Jorge A Solis on 5/24/2011) (chmb) (Entered: 05/25/2011) |
| 05/25/2011 | 43 | SCHEDULING ORDER as to Michael Musacchio, John Michael Kelly: Pretrial Conference set for 11/23/2011 03:00 PM before Judge Jorge A Solis. Jury Trial set for 12/5/2011 08:45 AM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis. Motions due by 10/28/2011. Responses due by 11/4/2011. Pretrial Materials due by 11/18/2011. (Ordered by Judge Jorge A Solis on 5/25/2011) (chmb) (Entered: 05/25/2011) |
| 07/19/2011 | 49 | Unopposed MOTION to Substitute Attorney. *Richard D Green* added by USA as to Michael Musacchio, Joseph Roy Brown, John Michael Kelly (Groves−DOJ, Linda) Modified on 7/21/2011 (mfw). (Entered: 07/19/2011) |
| 07/20/2011 | 50 | ORDER granting 49 Unopposed Motion To Permit Withdrawal and Substitution of Government Co−counsel as to Michael Musacchio (1), Joseph Roy Brown (2), John Michael Kelly (3): Attorney Mona Sedky is permitted to withdraw, and Attorney Richard Green shall be substituted as co−counsel in the case. (Ordered by Judge Jorge A Solis on 7/20/2011) (twd) (Entered: 07/21/2011) |
| 08/29/2011 | | Terminated duplicated hearing deadlines as to Michael Musacchio. (gmg) (Entered: 08/29/2011) |
| 09/29/2011 | 51 | ELECTONIC NOTICE as to Michael Musacchio and John Michael Kelly: Pretrial Conference reset for 11/16/2011 03:00 PM before Judge Jorge A Solis. (chmb) (Entered: 09/29/2011) |
| 10/28/2011 | 53 | Joint MOTION to Continue *Trial and Pretrial Deadlines* filed by USA as to Michael Musacchio, Joseph Roy Brown, John Michael Kelly (Groves−DOJ, Linda) (Entered: 10/28/2011) |
| 10/31/2011 | 54 | ORDER granting 53 Motion to Continue as to Michael Musacchio (1), John Michael Kelly (3); Pretrial Conference RESET for 2/8/2012 03:30 PM before Judge Jorge A Solis. Jury Trial RESET for 2/21/2012 08:45 AM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis. Motions due by 1/13/2012. Responses due by 1/20/2012. Pretrial Materials due by 2/3/2012. (Ordered by Judge Jorge A Solis on 10/31/2011) (chmb) (Entered: 11/01/2011) |
| 01/13/2012 | 55 | Designation of Experts by USA (Groves−DOJ, Linda) (Entered: 01/13/2012) |

| 01/13/2012 | 56 | | Joint MOTION for Extension of Time *to File Pretrial Motions* filed by Michael Musacchio (Attachments: # 1 Proposed Order) (Ethington, Jay) (Entered: 01/13/2012) |
|---|---|---|---|
| 01/13/2012 | 57 | | MOTION in Limine *re T&K Report* filed by USA as to Michael Musacchio, John Michael Kelly (Groves−DOJ, Linda) (Entered: 01/13/2012) |
| 01/17/2012 | 58 | | Designation of Experts by USA (Groves−DOJ, Linda) (Entered: 01/17/2012) |
| 01/18/2012 | 60 | | ORDER granting 56 Motion for Extension of Time to file Pretrial Motions as to Michael Musacchio (1). Pretrial Motions due by 1/20/2012. Responses due by 1/27/2012. (Ordered by Judge Jorge A Solis on 1/18/2012) (chmb) (Entered: 01/19/2012) |
| 01/20/2012 | 61 | | Second MOTION in Limine *Re Civil Settlement* filed by USA as to Michael Musacchio, John Michael Kelly (Groves−DOJ, Linda) (Entered: 01/20/2012) |
| 01/20/2012 | 62 | | Third MOTION in Limine *Re G−C Partners* filed by USA as to Michael Musacchio, John Michael Kelly (Groves−DOJ, Linda) (Entered: 01/20/2012) |
| 01/20/2012 | 63 | | Fourth MOTION in Limine *Re Counterclaim* filed by USA as to Michael Musacchio, John Michael Kelly (Attachments: # 1 Exhibit(s), # 2 Exhibit(s)) (Groves−DOJ, Linda) (Entered: 01/20/2012) |
| 01/20/2012 | 64 | | MOTION for Release of Brady Materials filed by Michael Musacchio (Attachments: # 1 Proposed Order) (Ethington, Jay) (Entered: 01/20/2012) |
| 01/20/2012 | 65 | | MOTION for Daubert Hearing filed by Michael Musacchio (Attachments: # 1 Proposed Order) (Ethington, Jay) Modified text on 1/23/2012 (bdg). (Entered: 01/20/2012) |
| 01/20/2012 | 66 | | MOTION to Suppress Evidence filed by Michael Musacchio (Attachments: # 1 Proposed Order, # 2 Exhibit(s)) (Ethington, Jay) Modified text on 1/23/2012 (bdg). (Entered: 01/20/2012) |
| 01/20/2012 | 67 | | MOTION to Continue filed by Michael Musacchio (Attachments: # 1 Proposed Order) (Ethington, Jay) (Entered: 01/20/2012) |
| 01/24/2012 | 68 | | NOTICE OF ATTORNEY APPEARANCE by N Henry Simpson, III appearing for Michael Musacchio (Simpson, N) (Entered: 01/24/2012) |
| 01/26/2012 | 70 | | Unopposed MOTION for Protective Order filed by USA as to Michael Musacchio, John Michael Kelly (Groves−DOJ, Linda) (Entered: 01/26/2012) |
| 01/27/2012 | 71 | | RESPONSE by USA as to Michael Musacchio, John Michael Kelly re: 64 MOTION for Release of Brady Materials (Groves−DOJ, Linda) (Entered: 01/27/2012) |
| 01/27/2012 | 72 | | RESPONSE by USA as to Michael Musacchio, John Michael Kelly re: 65 MOTION for Daubert Hearing (Groves−DOJ, Linda) (Entered: 01/27/2012) |
| 01/27/2012 | 73 | | RESPONSE by USA as to Michael Musacchio, John Michael Kelly re: 66 MOTION to Suppress (Groves−DOJ, Linda) (Entered: 01/27/2012) |
| 01/30/2012 | 75 | | ORDER granting 70 Motion for Protective Order as to Michael Musacchio (1) and John Michael Kelly (3). (Ordered by Judge Jorge A Solis on 1/30/2012) (chmb) (Entered: 02/02/2012) |

| 02/01/2012 | 74 | | RESPONSE by USA as to Michael Musacchio, John Michael Kelly re: 67 MOTION to Continue, 69 MOTION to Continue *Trial and Associated Dates* (Groves−DOJ, Linda) (Entered: 02/01/2012) |
|---|---|---|---|
| 02/02/2012 | 77 | | ORDER granting 67 , 69 Motions to Continue as to Michael Musacchio, John Michael Kelly. Trial reset for 4/16/2012 before Judge Jorge A Solis. Pretrial Materials due by 3/30/2012. Pretrial Conference set for 4/4/2012 03:00 PM before Judge Jorge A Solis. (Ordered by Judge Jorge A Solis on 2/2/2012) (axm) (Entered: 02/06/2012) |
| 02/03/2012 | 76 | | Government's MOTION for Limited Unsealing and MOTION for Protective Order filed by USA as to Michael Musacchio, Joseph Roy Brown, John Michael Kelly (Groves−DOJ, Linda). Added MOTION for Protective Order on 2/6/2012 (twd). (Entered: 02/03/2012) |
| 02/06/2012 | 78 | | ORDER granting 76 Government's Motion to Unseal and for Protective Order as to Michael Musacchio (1), Joseph Roy Brown (2), John Michael Kelly (3): The Plea Agreement, Plea Agreement Supplement, and Factual Resume are unsealed for the limited purpose of permitting the Government to provide copies in discovery, and that the parties shall limit use of those pleadings to trial purposes only. (Ordered by Judge Jorge A Solis on 2/6/2012) (axm) (Entered: 02/07/2012) |
| 02/21/2012 | 79 | | ELECTRONIC NOTICE as to Michael Musacchio, John Michael Kelly: Pretrial Motions due by 3/9/2012 and Responses due by 3/16/2012. (these dates were inadvertently left off the most recent scheduling order.) (chmb) (Entered: 02/21/2012) |
| 03/09/2012 | 89 | | MOTION for Reciprocal Discovery filed by USA as to Michael Musacchio, John Michael Kelly with Brief/Memorandum in Support. (Groves−DOJ, Linda) Modified on 3/12/2012 (skt). (Entered: 03/09/2012) |
| 03/15/2012 | 91 | | Amended Expert Witness Summary filed by USA as to Michael Musacchio, John Michael Kelly (Attachments: # 1 Exhibit(s) CV of Special Agent Lynd) (Groves−DOJ, Linda) Modified on 3/16/2012 (skt). (Entered: 03/15/2012) |
| 05/31/2012 | 94 | | Agreed MOTION for Protective Order *(Agreed Discovery Protective Order)* filed by USA as to Michael Musacchio, John Michael Kelly (Groves−DOJ, Linda) (Entered: 05/31/2012) |
| 06/17/2012 | 95 | | ORDER granting 94 Agreed Motion for Protective Order as to Michael Musacchio (1), John Michael Kelly (3). (Ordered by Judge Jorge A Solis on 6/17/2012) (chmb) (Entered: 06/18/2012) |
| 06/18/2012 | 96 | | ORDER as to Michael Musacchio and John Michael Kelly: Pretrial Conference set for 9/5/2012 4:00 PM before Judge Jorge A Solis. Jury Trial set for 9/17/2012 8:45 AM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis. Pretrial Materials due by 8/31/2012. (Ordered by Judge Jorge A Solis on 6/18/2012) (chmb) (Entered: 06/18/2012) |
| 06/18/2012 | 97 | | Notice of Correction of Signature Omission, correcting signature omission in 32 Sealed and/or Ex Parte Motion by USA as to Michael Musacchio, Joseph Roy Brown, John Michael Kelly. (Groves−DOJ, Linda) (Entered: 06/18/2012) |
| 07/03/2012 | 103 | | |

| | | |
|---|---|---|
| | | ***WITHDRAWN PER ORDER/DOCUMENT #124***Unopposed MOTION for Discovery *Gov. Unopposed Motion For Order Requiring NTRFCL To Image SMART Disk For Discovery Purposes* filed by USA as to Michael Musacchio, John Michael Kelly (Groves−DOJ, Linda) Modified on 8/21/2012 (skt). (Entered: 07/03/2012) |
| 07/12/2012 | 104 | ORDER granting 89 Motion for Discovery as to Michael Musacchio (1), John Michael Kelly (3). Defendant's to provide the Government with reciprocal discovery requested by July 26, 2012. (Ordered by Judge Jorge A Solis on 7/12/2012) (chmb) (Entered: 07/12/2012) |
| 07/23/2012 | 105 | ORDER as to Michael Musacchio, John Michael Kelly: Evidentiary Hearing set for 8/2/2012 9:00 AM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis on. (Ordered by Judge Jorge A Solis on 7/23/2012) (chmb) Modified on 7/25/2012 (chmb). (Entered: 07/24/2012) |
| 08/01/2012 | 106 | SUPPLEMENTAL MEMORANDUM in support re 73 Response to 66 Motion to Suppress by USA as to Michael Musacchio. (Groves−DOJ, Linda) Docket linkage and text modified on 8/2/2012 (twd). (Entered: 08/01/2012) |
| 08/01/2012 | 111 | Brief/Memorandum in Support by Michael Musacchio re 65 MOTION To be granted Daubert Hearing (Ethington, Jay) (Entered: 08/01/2012) |
| 08/02/2012 | | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Motions Hearing as to Michael Musacchio held on 8/2/2012. Hearing RESET for August 8, 2012 at 9:00 a.m. Attorney Appearances: AUSA − Linda Groves; Richard Green; Defense − Jay Ethington. (Court Reporter: Shawn McRoberts) (No exhibits) Time in Court − :20. (chmb) (Entered: 08/02/2012) |
| 08/02/2012 | 114 | ORDER as to Michael Musacchio: Motion Hearing set for 8/8/2012 09:00 AM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis. (Ordered by Judge Jorge A Solis on 8/2/2012) (chmb) (Entered: 08/02/2012) |
| 08/06/2012 | 116 | NOTICE OF ATTORNEY APPEARANCE by Candina S Heath−DOJ appearing for USA *as Co−Counsel* (Heath−DOJ, Candina) (Entered: 08/06/2012) |
| 08/06/2012 | 117 | Unopposed MOTION to Continue *Pretrial Evidentiary Hearing* filed by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 08/06/2012) |
| 08/06/2012 | 119 | ORDER granting 117 Motion to Continue Evidentiary Hearing set 8/8/2012 without date as to Michael Musacchio (1). Hearing to be rest by subsequent order of the Court. (Ordered by Judge Jorge A Solis on 8/6/2012) (chmb) (Entered: 08/06/2012) |
| 08/07/2012 | 121 | ELECTRONIC NOTICE as to Michael Musacchio: Evidentiary Hearing RESET for 8/15/2012 9:00 AM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis. (chmb) (Entered: 08/07/2012) |
| 08/14/2012 | 123 | RESPONSE by USA as to Michael Musacchio re: 111 Brief/Memorandum in Support of Motion (Groves−DOJ, Linda) (Entered: 08/14/2012) |
| 08/14/2012 | | |

| | | | |
|---|---|---|---|
| | | | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Motion Hearing as to Michael Musacchio held on 8/14/2012 re Referred Motion from case 09−CV−1465 Motion for Leave to File Motion To Obtain Subpoenaed Records. Taken under advisement. Attorney Appearances: AUSA − Linda Groves; Richard Green; Defense − Karen Cook. (Court Reporter: Shawn McRoberts) (No exhibits) Time in Court − :30. (chmb) (Entered: 08/14/2012) |
| 08/17/2012 | 124 | | MOTION to Withdraw Document 103 Unopposed MOTION for Discovery *Gov. Unopposed Motion For Order Requiring NTRFCL To Image SMART Disk For Discovery Purposes* filed by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 08/17/2012) |
| 08/17/2012 | 125 | | ORDER granting 124 Motion to Withdraw Document 103 Motion for Order as to Michael Musacchio (1) and John Michael Kelly (3). (Ordered by Judge Jorge A Solis on 8/17/2012) (chmb) (Entered: 08/21/2012) |
| 08/27/2012 | 126 | | ELECTRONIC NOTICE as to Michael Musacchio: Jury Trial RESET for 9/24/2012 8:45 AM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis. (chmb) (Entered: 08/27/2012) |
| 08/28/2012 | 127 | | ELECTRONIC NOTICE as to Michael Musacchio: Pretrial Materials are now due by 9/7/2012. Pretrial Conference RESET for 9/12/2012 03:00 PM before Judge Jorge A Solis. (chmb) (Entered: 08/28/2012) |
| 09/06/2012 | 128 | | SUPERSEDING INDICTMENT as to Michael Musacchio (1) count(s) 1s, 2s−3s. (axm) (Entered: 09/07/2012) |
| 09/07/2012 | 129 | | Proposed Voir Dire by Michael Musacchio (Ethington, Jay) (Entered: 09/07/2012) |
| 09/07/2012 | 130 | | Proposed Voir Dire by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 09/07/2012) |
| 09/07/2012 | 131 | | Proposed Jury Instructions filed by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 09/07/2012) |
| 09/07/2012 | 132 | | WITNESS LIST by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 09/07/2012) |
| 09/07/2012 | 133 | | EXHIBIT LIST by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 09/07/2012) |
| 09/07/2012 | 134 | | Proposed Jury Instructions filed by Michael Musacchio (Ethington, Jay) (Entered: 09/07/2012) |
| 09/07/2012 | 135 | | WITNESS LIST by Michael Musacchio (Ethington, Jay) (Entered: 09/07/2012) |
| 09/07/2012 | 136 | | NOTICE *Gov. Amended Notice of Experts and Witnesses With Expertise* re: 55 Designation of Experts filed by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 09/07/2012) |
| 09/07/2012 | 137 | | EXHIBIT LIST by Michael Musacchio (Ethington, Jay) (Entered: 09/07/2012) |
| 09/08/2012 | 138 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to Continue *Trial Setting* filed by Michael Musacchio (Attachments: # 1 Proposed Order) (Ethington, Jay) (Entered: 09/08/2012) |
| 09/10/2012 | 139 | | MOTION Notice of Alibi Defense & Defense Witness Prior Statements filed by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 09/10/2012) |
| 09/10/2012 | 140 | | WAIVER by Michael Musacchio (Ethington, Jay) (Entered: 09/10/2012) |
| 09/12/2012 | | | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Pretrial Conference as to Michael Musacchio held on 9/12/2012. Attorney Appearances: AUSA − Linda Groves; Richard Green; Defense − Jay Ethington; Reid Manning; Bill Dunne. (Court Reporter: Shawn McRoberts) (No exhibits) Time in Court − :30. (chmb) (Entered: 09/12/2012) |
| 09/13/2012 | 141 | | ORDER granting 138 Motion to Continue as to Michael Musacchio (1): Pretrial Conference RESET for 11/14/2012 03:00 PM before Judge Jorge A Solis. Jury Trial RESET for 11/26/2012 08:45 AM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis. Pretrial Materials due by 11/9/2012. (Ordered by Judge Jorge A Solis on 9/13/2012) (chmb) (Entered: 09/17/2012) |
| 09/26/2012 | 142 | | ORDER as to Michael Musacchio: Pretrial Conference RESET for 2/6/2013 03:00 PM before Judge Jorge A Solis. Jury Trial RESET for 2/19/2013 08:45 AM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis. Pretrial Materials due by 2/1/2013. (Ordered by Judge Jorge A Solis on 9/26/2012) (chmb) (Entered: 09/27/2012) |
| 01/08/2013 | 145 | 56 | SECOND SUPERSEDING INDICTMENT as to Michael Musacchio (1) count(s) 1ss, 2ss−3ss. (jrr) (Entered: 01/09/2013) |
| 01/22/2013 | 147 | | WAIVER by Michael Musacchio (Ethington, Jay) (Entered: 01/22/2013) |
| 01/29/2013 | 148 | | MOTION in Limine *Re Alibi Defense and Court Ordered Reciprocal Discovery* filed by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 01/29/2013) |
| 02/01/2013 | 149 | | MOTION in Limine *To Exclude Evidence of Criminal Conviction* filed by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 02/01/2013) |
| 02/01/2013 | 150 | | EXHIBIT LIST by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 02/01/2013) |
| 02/01/2013 | 151 | | AMENDED WITNESS LIST by USA as to Michael Musacchio (Groves−DOJ, Linda) Modified on 2/4/2013 (jgf). (Entered: 02/01/2013) |
| 02/01/2013 | 152 | | Proposed Amended Jury Instructions filed by USA as to Michael Musacchio (Groves−DOJ, Linda) Modified on 2/4/2013 (jgf). (Entered: 02/01/2013) |
| 02/01/2013 | 153 | | Designation of Experts by USA (Groves−DOJ, Linda) (Entered: 02/01/2013) |
| 02/01/2013 | 154 | | Proposed Additional Jury Instructions filed by Michael Musacchio (Ethington, Jay) Modified on 2/4/2013 (jgf). (Entered: 02/01/2013) |
| 02/05/2013 | 155 | | Amended MOTION in Limine *Re Criminal Conviction & Other Evidence* filed by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 02/05/2013) |

| 02/06/2013 | 156 | | EXHIBIT LIST by Michael Musacchio (Ethington, Jay) (Entered: 02/06/2013) |
|---|---|---|---|
| 02/06/2013 | | | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Pretrial Conference as to Michael Musacchio held on 2/6/2013. Attorney Appearances: AUSA − Linda Groves; Richard Green; Candina Heath; Defense − Jay Ethington: Reed Manning. (Court Reporter: Randy Wilson) (No exhibits) Time in Court − :30. (chmb) (Entered: 02/06/2013) |
| 02/15/2013 | 157 | | MOTION in Limine *Exclude Witness Deferred Adjudication* filed by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 02/15/2013) |
| 02/16/2013 | 158 | | EXHIBIT LIST by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 02/16/2013) |
| 02/18/2013 | 159 | | Proposed Voir Dire by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 02/18/2013) |
| 02/18/2013 | 160 | | EXHIBIT LIST by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 02/18/2013) |
| 02/19/2013 | 161 | | ***Jury Roll as to Michael Musacchio. (axm) (Entered: 02/19/2013) |
| 02/19/2013 | | | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Jury Selection held and Jury trial begun on as to Michael Musacchio held on 2/19/2013. Attorney Appearances: AUSA − Linda Groves; Richard Green; Candina Heath; Defense − Jay Ethington: Reed Manning. (Court Reporter: Shawn McRoberts) (Exhibits admitted − returned to party) Time in Court − 5:30. (chmb) (Entered: 02/20/2013) |
| 02/20/2013 | | | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Second day of Jury Trial as to Michael Musacchio held on 2/20/2013. Attorney Appearances: AUSA − Linda Groves; Richard Green; Candina Heath; Defense − Jay Ethington: Reed Manning. (Court Reporter: Shawn McRoberts) (Exhibits admitted − returned to party) Time in Court − 6:10. (chmb) (Entered: 02/21/2013) |
| 02/21/2013 | | | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Third day of Jury Trial as to Michael Musacchio held on 2/21/2013. Attorney Appearances: AUSA − Linda Groves; Richard Green; Candina Heath; Defense − Jay Ethington: Reed Manning. (Court Reporter: Shawn McRoberts) (Exhibits admitted − returned to party) Time in Court − 6:45. (chmb) (Entered: 02/22/2013) |
| 02/22/2013 | | | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Fourth day of Jury Trial as to Michael Musacchio held on 2/22/2013. Attorney Appearances: AUSA − Linda Groves; Richard Green; Candina Heath; Defense − Jay Ethington: Reed Manning. (Court Reporter: Shawn McRoberts) (Exhibits admitted − returned to party) Time in Court − 6:45. (chmb) (Entered: 02/27/2013) |
| 02/24/2013 | 162 | | Defendant's Second Amended Proposed Jury Instructions filed by Michael Musacchio (Ethington, Jay) (Entered: 02/24/2013) |
| 02/25/2013 | | | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Fifth day of Jury Trial as to Michael Musacchio held on 2/25/2013. Attorney Appearances: AUSA − Linda Groves; Richard Green; Candina Heath; Defense |

| | | | |
|---|---|---|---|
| | | | − Jay Ethington: Reed Manning. (Court Reporter: Shawn McRoberts) (No exhibits) Time in Court − 3:15. (chmb) (Entered: 02/27/2013) |
| 02/26/2013 | 163 | | Proposed Jury Instructions filed by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 02/26/2013) |
| 02/26/2013 | 164 | | MOTION for Acquittal *Pursuant to Fed. R. Crim. P. 29* filed by Michael Musacchio with Brief/Memorandum in Support. (Ethington, Jay) (Entered: 02/26/2013) |
| 02/26/2013 | | | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Sixth day of Jury Trial as to Michael Musacchio held on 2/26/2013. Attorney Appearances: AUSA − Linda Groves; Richard Green; Candina Heath; Defense − Jay Ethington: Reed Manning. (Court Reporter: Shawn McRoberts) (Exhibits admitted − returned to party) Time in Court − 7:15. (chmb) (Entered: 02/27/2013) |
| 02/27/2013 | | | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Seventh Day of Jury Trial as to Michael Musacchio held on 2/27/2013. Jury Charge Conference held 5:15 p.m to 5:45 p.m. Attorney Appearances: AUSA − Linda Groves; Richard Green; Candina Heath; Defense − Jay Ethington: Reed Manning. (Court Reporter: Shawn McRoberts) (Exhibits admitted − returned to party) Time in Court − 6:30. (chmb) (Entered: 02/28/2013) |
| 02/28/2013 | 165 | | NOTICE OF ATTORNEY APPEARANCE by Reid Manning appearing for Michael Musacchio (Filer confirms contact info in ECF is current.) (Manning, Reid) (Entered: 02/28/2013) |
| 02/28/2013 | | | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Eighth Day of Jury Trial as to Michael Musacchio held on 2/28/2013. Evidence concluded. Closing Arguments and Jury Charge. Case submitted to the jury for deliberation. Attorney Appearances: AUSA − Linda Groves, Richard Green, Candina Heath; Defense − Jay Ethington, Reed Manning. (Court Reporter: Shawn McRoberts) (Exhibits admitted − returned to party) Time in Court − 4:45. (chmb) (Entered: 03/01/2013) |
| 02/28/2013 | 167 | | Certification of Trial Exhibits for Jury Deliberations filed by USA and Michael Musacchio as to Michael Musacchio. (Ordered by Judge Jorge A Solis on 2/28/2013) (chmb) (Entered: 03/04/2013) |
| 03/01/2013 | | | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Ninth Day of Jury Trial as to Michael Musacchio held on 3/1/2013. Jury continued deliberations. Jury Verdict Rendered − Guilty on Counts 1, 2 and 3. Defendant continued on Pretrial Release. Attorney Appearances: AUSA − Linda Groves, Richard Green, Candina Heath; Defense − Jay Ethington, Reed Manning. (Court Reporter: Shawn McRoberts) (No exhibits) Time in Court − 5:00. (chmb) (Entered: 03/04/2013) |
| 03/01/2013 | 166 | | Jury Charge and Verdict Form as to Michael Musacchio. Jury Charge Signed by Judge Jorge A Solis on 2/28/2013. (chmb) (Entered: 03/04/2013) |
| 03/01/2013 | 168 | | ORDER as to Michael Musacchio releasing all trial exhibits to counsel for the parties. (Ordered by Judge Jorge A Solis on 3/1/2013) (chmb) (Entered: 03/04/2013) |
| 03/01/2013 | 169 | | |

| | | | |
|---|---|---|---|
| | | | Sentencing Scheduling Order as to Michael Musacchio: Presentence Investigation Report due by 5/3/2013. Objections to Presentence Investigation Report due by 5/17/2013. Presentence Investigation Addendum due by 5/24/2013. Objections to Presentence Investigation Addendum due by 5/31/2013. Sentencing set for 6/14/2013 1:30 PM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis. (Ordered by Judge Jorge A Solis on 3/1/2013) (chmb) (Entered: 03/04/2013) |
| 03/15/2013 | 170 | | MOTION New Trial filed by Michael Musacchio (Attachments: # 1 Exhibit(s) Exhibit A, # 2 Exhibit(s) Exhibit B) (Ethington, Jay) (Entered: 03/15/2013) |
| 03/15/2013 | 171 | | MOTION Seal an Exhibit re 170 MOTION New Trial filed by USA as to Michael Musacchio (Groves−DOJ, Linda) (Entered: 03/15/2013) |
| 03/18/2013 | 172 | | ELECTRONIC NOTICE as to Michael Musacchio: Sentencing RESET for 6/12/2013 1:30 PM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis. (chmb) (Entered: 03/18/2013) |
| 03/25/2013 | 173 | | RESPONSE by USA as to Michael Musacchio re: 170 MOTION New Trial (Groves−DOJ, Linda) (Entered: 03/25/2013) |
| 04/24/2013 | 175 | | MOTION to Continue *Sentencing Hearing* filed by Michael Musacchio (Attachments: # 1 Proposed Order) (Ethington, Jay) (Entered: 04/24/2013) |
| 05/02/2013 | 176 | | RESPONSE by USA as to Michael Musacchio re: 175 MOTION to Continue *Sentencing Hearing* (Groves−DOJ, Linda) (Entered: 05/02/2013) |
| 05/21/2013 | 177 | | ORDER granting 175 Motion to Continue as to Michael Musacchio (1) Sentencing RESET for 7/3/2013 1:30 PM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis. (Ordered by Judge Jorge A Solis on 5/21/2013) (chmb) (Entered: 05/22/2013) |
| 05/23/2013 | 178 | | ORDER as to Michael Musacchio: Presentence Investigation Report due by 6/5/2013. Objections to Presentence Investigation Report due by 6/12/2013. Presentence Investigation Addendum due by 6/19/2013. Objections to Presentence Investigation Addendum due by 6/26/2013. Sentencing set for 7/3/2013 01:30 PM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis. (Ordered by Judge Jorge A Solis on 5/23/2013) (chmb) (Entered: 05/23/2013) |
| 06/20/2013 | 183 | | MOTION to Continue *Sentencing amd Restitution Hearing* filed by Michael Musacchio with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Ethington, Jay) (Entered: 06/20/2013) |
| 06/21/2013 | 184 | | RESPONSE by USA as to Michael Musacchio re: 183 MOTION to Continue *Sentencing amd Restitution Hearing* (Groves−DOJ, Linda) (Entered: 06/21/2013) |
| 06/25/2013 | 185 | | ORDER denying 183 Motion to Continue Sentencing as to Michael Musacchio (1). (Ordered by Judge Jorge A Solis on 6/25/2013) (chmb) (Entered: 06/25/2013) |
| 07/02/2013 | 188 | | MOTION for Downward Departure filed by Michael Musacchio (Attachments: # 1 Proposed Order) (Ethington, Jay) (Entered: 07/02/2013) |

| 07/03/2013 | 191 | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Sentencing Hearing held on 7/3/2013 for Michael Musacchio − continued date to be determined. Attorney Appearances: AUSA − Linda Groves, Richard Green, Candina Heath; Defense − Jay Ethington, Reed Manning: Camille Knight. (Court Reporter: Shawn McRoberts) (Exhibits admitted) Time in Court − 3:00. (chmb) (Entered: 07/03/2013) |
|---|---|---|
| 07/18/2013 | <u>193</u> | MOTION to Continue *Sentencing Hearings for Brown and Kelly* filed by USA as to Michael Musacchio, Joseph Roy Brown, John Michael Kelly (Groves−DOJ, Linda) (Entered: 07/18/2013) |
| 07/23/2013 | 194 | ELECTRONIC NOTICE as to Michael Musacchio: Continuation of Sentencing set for 8/20/2013 9:00 AM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis. (chmb) Modified year for sentencing date on 7/23/2013 (ctf). (Entered: 07/23/2013) |
| 08/06/2013 | 197 | ELECTRONIC ORDER as to Michael Musacchio: Due to Court scheduling conflict Sentencing RESET for 9/5/2013 1:30 PM in US Courthouse, Courtroom 1632, 1100 Commerce St., Dallas, TX 75242−1310 before Judge Jorge A Solis. (Ordered by Judge Jorge A Solis on 8/6/2013) (chmb) (Entered: 08/06/2013) |
| 08/29/2013 | <u>199</u> | Supplemental MOTION for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29 filed by Michael Musacchio. (Ethington, Jay) Modified on 8/30/2013 (skt). (Entered: 08/29/2013) |
| 08/29/2013 | <u>200</u> | Courtesy copy of correspondence re Sentencing Hearing Response as to Michael Musacchio (Attachments: # <u>1</u> Additional Page(s) Attachment, # <u>2</u> Additional Page(s) Attachment) (Ethington, Jay) Modified on 8/30/2013 (skt). (Entered: 08/29/2013) |
| 08/30/2013 | <u>201</u> | NOTICE *Letter to Court* as to Michael Musacchio (Ethington, Jay) (Entered: 08/30/2013) |
| 08/30/2013 | <u>203</u> | RESPONSE AND OBJECTION by USA as to Michael Musacchio re: <u>199</u> Supplemental MOTION for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29 (Groves−DOJ, Linda) (Entered: 08/30/2013) |
| 09/02/2013 | <u>205</u> | MOTION for Downward Departure *or Variance* filed by Michael Musacchio (Attachments: # <u>1</u> Exhibit(s)) (Ethington, Jay) (Entered: 09/02/2013) |
| 09/05/2013 | 206 | ELECTRONIC Minute Entry for proceedings held before Judge Jorge A Solis: Sentencing held on 9/5/2013 for Michael Musacchio (1) BOP for a term of Sixty (60) Months as to Counts 1 and 2 to run concurrent; Three (3) Months as to Count 3 to run consecutive to Counts 1 and 2 for a total of Sixty−three (63) Months; Supervised Release for Three (3) years as to each Count to run concurrent for a total of Three (3) years. Restitution to be determined; MSA $100 per count for a total of $300.00. Defendant continued on Pretrial Release Voluntary Surrender date to be determined. Remaining issue of restitution to be briefed by counsel, briefs due 10/4/2013. Attorney Appearances: AUSA − Linda Groves, Candina Heath; Defense − Jay Ethington, Reed Manning: Camille Knight. (Court Reporter: Shawn McRoberts) (Exhibits admitted) Time in Court − 4:30. (chmb) Modified on 12/5/2013 to correct the file date (svc). (Entered: 09/06/2013) |

| | | | |
|---|---|---|---|
| 10/04/2013 | 215 | | Brief/Memorandum in Support by Michael Musacchio re 204 Sentencing Memorandum, (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s), # 6 Exhibit(s), # 7 Exhibit(s)) (Ethington, Jay) (Entered: 10/04/2013) |
| 10/09/2013 | 216 | | MOTION for Release Pending Appeal filed by Michael Musacchio (Attachments: # 1 Proposed Order) (Ethington, Jay) (Entered: 10/09/2013) |
| 10/10/2013 | 217 | | Certificate of Service by Michael Musacchio re 216 MOTION for Release Pending Appeal (Ethington, Jay) (Entered: 10/10/2013) |
| 10/15/2013 | 218 | | RESPONSE by Michael Musacchio re: 214 Sealed and/or Ex Parte Appendix/Brief/Memorandum in Support,, (Attachments: # 1 Exhibit(s) A) (Ethington, Jay) (Entered: 10/15/2013) |
| 11/19/2013 | 220 | | ELECTRONIC ORDER granting 216 Motion for Release Pending Appeal as to Michael Musacchio (1). All previous conditions of release are continued. (Ordered by Judge Jorge A Solis on 11/19/2013) (chmb) (Entered: 11/19/2013) |
| 11/19/2013 | 221 | | Supplemental MOTION for Acquittal *Second Supplement to the Motion for Acquittal* filed by Michael Musacchio (Ethington, Jay) (Entered: 11/19/2013) |
| 11/19/2013 | 222 | 81 | JUDGMENT as to Michael Musacchio (1), Count(s) 1, 1s, 2s−3s, DISMISSED per JS chambers; Count(s) 1ss, BOP for a term of Sixty (60) Months as to Count 1; Supervised Release for Three (3) years as to Count 1; Restitution to be Determined; MSA $100.00; Count(s) 2ss−3ss, BOP for a term of Sixty Months as to Count 2 to run concurrent to Count 1; 3 Months as to Count 3 to run consecutive to Counts 1 and 2; Supervised Release Three years as to each Counts to run concurrent; Restitution to be determined; MSA $100 per count. Pursuant to LR 79.2 and LCrR 55.2, exhibits may be claimed during the 60−day period following final disposition (to do so, follow the procedures found at www.txnd.uscourts.gov/Court Records). The clerk will discard exhibits that remain unclaimed after the 60−day period without additional notice. (Clerk to notice any party not electronically noticed.) (Ordered by Judge Jorge A Solis on 11/19/2013) (ykp) (Entered: 11/20/2013) |
| 11/26/2013 | 224 | | NOTICE OF APPEAL to the Fifth Circuit as to 222 Judgment by Michael Musacchio. Filing fee $455, receipt number 70759. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. (twd) (Entered: 11/26/2013) |
| 11/27/2013 | | | Confirmation of receipt of payment from Kendall Law Group LLP in the amount of $455.00. Transaction posted on 11/26/2013. Receipt number DS070759 processed by yp. (ali) Lifted restriction on 11/27/2013 (ali). (Entered: 11/27/2013) |
| 12/02/2013 | 225 | | RESPONSE AND OBJECTION by USA as to Michael Musacchio re: 199 Supplemental MOTION for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29, 221 Supplemental MOTION for Acquittal *Second Supplement to the Motion for Acquittal* (Attachments: # 1 Exhibit(s) Transcript of 1st Sent. Hrg.) (Groves−DOJ, Linda) (Entered: 12/02/2013) |
| 12/03/2013 | | | |

| | | | |
|---|---|---|---|
| | | | USCA Case Number as to Michael Musacchio 13−11294 for <u>224</u> Notice of Appeal, filed by Michael Musacchio. (svc) (Entered: 12/03/2013) |
| 12/03/2013 | <u>226</u> | | NOTICE OF ATTORNEY APPEARANCE by Elizabeth Hosea Lemoine appearing for Michael Musacchio (Filer confirms contact info in ECF is current.) (Lemoine, Elizabeth) (Entered: 12/03/2013) |
| 12/04/2013 | <u>227</u> | | Transcript Order Form: re <u>224</u> Notice of Appeal, transcript requested for Jury TrialSentencing held on 2/19/2013−2/22/2013, 2/25/2013−2/28/2013, 3/1/2013, 7/3/2013, 9/5/2013 before Judge Solis. (Lemoine, Elizabeth) (Entered: 12/04/2013) |
| 01/03/2014 | <u>228</u> | | Notice of Filing of Official Electronic Transcript of Motion to Quash Proceedings as to Michael Musacchio held on 08/14/2012 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their <u>duty to review</u> the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a <u>Redaction Request − Transcript</u> must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (25 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (Entered: 01/03/2014) |
| 01/03/2014 | <u>229</u> | | Notice of Filing of Official Electronic Transcript of Motion to Suppres/Motion in Limine Proceedings as to Michael Musacchio held on 08/15/2012 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their <u>duty to review</u> the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a <u>Redaction Request − Transcript</u> must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (112 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (Entered: 01/03/2014) |
| 01/03/2014 | <u>230</u> | | Notice of Filing of Official Electronic Transcript of Trial Volume 1 of 8 Proceedings as to Michael Musacchio held on 02/19/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their <u>duty to review</u> the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a <u>Redaction Request − Transcript</u> must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (198 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (Entered: 01/03/2014) |

| 01/03/2014 | 231 | | Notice of Filing of Official Electronic Transcript of Trial Volume 2 of 8 Proceedings as to Michael Musacchio held on 02/20/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (233 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (Entered: 01/03/2014) |
| 01/03/2014 | 232 | | Notice of Filing of Official Electronic Transcript of Trial Volume 3 of 8 Proceedings as to Michael Musacchio held on 02/21/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (268 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (Entered: 01/03/2014) |
| 01/03/2014 | 233 | | Notice of Filing of Official Electronic Transcript of Trial Volume 4 of 8 Proceedings as to Michael Musacchio held on 02/22/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (226 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (Entered: 01/03/2014) |
| 01/03/2014 | 234 | | Notice of Filing of Official Electronic Transcript of Trial Volume 5 of 8 Proceedings as to Michael Musacchio held on 02/25/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (138 pages) Redaction Request due 1/24/2014. |

| | | | |
|---|---|---|---|
| | | | Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (Entered: 01/03/2014) |
| 01/03/2014 | 235 | | Notice of Filing of Official Electronic Transcript of Volume 6 of 8 Proceedings as to Michael Musacchio held on 02/26/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (247 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (Entered: 01/03/2014) |
| 01/03/2014 | 236 | | Notice of Filing of Official Electronic Transcript of Trial Volume 7 of 8 Proceedings as to Michael Musacchio held on 02/27/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (225 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (Entered: 01/03/2014) |
| 01/03/2014 | 237 | | Notice of Filing of Official Electronic Transcript of Trial Volume 8 of 8 Proceedings as to Michael Musacchio held on 02/28/2013, 03/01/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (138 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (Entered: 01/03/2014) |
| 01/03/2014 | 238 | | Notice of Filing of Official Electronic Transcript of Sentencing Part 1 Proceedings as to Michael Musacchio held on 07/03/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If |

| | | | |
|---|---|---|---|
| | | | redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (110 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) Modified on 1/3/2014 (aaa). (Entered: 01/03/2014) |
| 01/03/2014 | 239 | | Notice of Filing of Official Electronic Transcript of Sentencing Part 2 Proceedings as to Michael Musacchio held on 09/05/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (165 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (Entered: 01/03/2014) |
| 01/15/2014 | 240 | | Transcript Redaction Request in case as to Michael Musacchio re: 232 , 233 , 234 Transcript filed by attorney Linda C Groves−DOJ (Groves−DOJ, Linda) (Entered: 01/15/2014) |
| 01/16/2014 | 241 | | Redacted Transcript for remote electronic access in case as to Michael Musacchio re: 232 Notice of Filing of Official Electronic Transcript of Trial Volume 3 of 8 Proceedings as to Michael Musacchio held on 02/21/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (268 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (smm) (Entered: 01/16/2014) |
| 01/16/2014 | 242 | | Redacted Transcript for remote electronic access in case as to Michael Musacchio re: 233 Notice of Filing of Official Electronic Transcript of Trial Volume 4 of 8 Proceedings as to Michael Musacchio held on 02/22/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (226 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of |

| | | | |
|---|---|---|---|
| | | | Transcript Restriction set for 4/3/2014. (smm) (smm) (Entered: 01/16/2014) |
| 01/16/2014 | 243 | | Redacted Transcript for remote electronic access in case as to Michael Musacchio re: 234 Notice of Filing of Official Electronic Transcript of Trial Volume 5 of 8 Proceedings as to Michael Musacchio held on 02/25/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (138 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (smm) (Entered: 01/16/2014) |
| 01/24/2014 | 246 | | Transcript Redaction Request in case as to Michael Musacchio re: 232 , 234 Transcripts filed by attorney Jody Lynn Rudman. (Document received by certified mail and references ECF outage that occurred on Friday, 1/24/2014.) (twd) (Entered: 01/27/2014) |
| 01/27/2014 | 244 | | ***WITHDRAWN per 249 order*** Transcript Redaction Request in case as to Michael Musacchio re: 232 , 234 Transcript filed by attorney Joe Kendall (Kendall, Joe) Modified on 1/28/2014 (chmb). (Entered: 01/27/2014) |
| 01/27/2014 | 245 | | ***WITHDRAWN per 249 order*** MOTION to Redact 232 , 233 , 231 , 239 , 236 Transcript filed by Michael Musacchio with Brief/Memorandum in Support. (Kendall, Joe) Modified on 1/28/2014 (chmb). (Entered: 01/27/2014) |
| 01/27/2014 | 248 | | MOTION to Withdraw Documents 244 Transcript Redaction Request and 245 MOTION to Redact 232 , 233 , 231 , 239 , 236 Transcript filed by Michael Musacchio with Brief/Memorandum in Support. (Kendall, Joe) Modified on 1/28/2014 (svc). Modified on 1/28/2014 (chmb). (Entered: 01/27/2014) |
| 01/28/2014 | 249 | | ELECTRONIC ORDER granting 248 Motion to Withdraw Document as to Michael Musacchio (1). Transcript Redaction Request 244 and Motion to Redact 245 are withdrawn. (Ordered by Judge Jorge A Solis on 1/28/2014) (chmb) (Entered: 01/28/2014) |
| 01/29/2014 | 251 | | Redacted Transcript for remote electronic access in case as to Michael Musacchio re: 231 Notice of Filing of Official Electronic Transcript of Trial Volume 2 of 8 Proceedings as to Michael Musacchio held on 02/20/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (233 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (smm) (Entered: 01/29/2014) |

| | | | |
|---|---|---|---|
| 01/29/2014 | 252 | | Redacted Transcript for remote electronic access in case as to Michael Musacchio re: 232 Notice of Filing of Official Electronic Transcript of Trial Volume 3 of 8 Proceedings as to Michael Musacchio held on 02/21/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (268 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (smm) (Entered: 01/29/2014) |
| 01/29/2014 | 253 | | Redacted Transcript for remote electronic access in case as to Michael Musacchio re: 233 Notice of Filing of Official Electronic Transcript of Trial Volume 4 of 8 Proceedings as to Michael Musacchio held on 02/22/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (226 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (smm) (Entered: 01/29/2014) |
| 01/29/2014 | 254 | | Redacted Transcript for remote electronic access in case as to Michael Musacchio re: 236 Notice of Filing of Official Electronic Transcript of Trial Volume 7 of 8 Proceedings as to Michael Musacchio held on 02/27/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (225 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (smm) (Entered: 01/29/2014) |
| 01/29/2014 | 255 | | Redacted Transcript for remote electronic access in case as to Michael Musacchio re: 239 Notice of Filing of Official Electronic Transcript of Sentencing Part 2 Proceedings as to Michael Musacchio held on 09/05/2013 before Judge Jorge A. Solis. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753−2349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request − Transcript must be filed within 21 days. If no such Request is filed, |

| | | |
|---|---|---|
| | | the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (165 pages) Redaction Request due 1/24/2014. Redacted Transcript Deadline set for 2/3/2014. Release of Transcript Restriction set for 4/3/2014. (smm) (smm) (Entered: 01/29/2014) |
| 02/04/2014 | | Record on Appeal for USCA5 13−11294 (related to 224 appeal) as to Michael Musacchio: Record consisting of: ECF electronic record, 15 Volume(s) electronic transcript, original exhibits, 1 envelope(s) PSR/SOR, Sealed or ex parte document number(s): 52,59112,118,120,122,161,190,198,202,204,214 (circuit approval is required for access), certified to USCA. To request a copy of the record (on disk or on paper), contact the appeals deputy in advance to arrange delivery. (svc) (Entered: 02/04/2014) |
| 02/06/2014 | | Record on Appeal for USCA5 13−11294 (related to 224 appeal) as to Michael Musacchio: transmitted to US Attorney's Office on disk only by hand delivery (svc) (Entered: 02/06/2014) |
| 02/06/2014 | | Record on Appeal for USCA5 13−11294 (related to 224 appeal) as to Michael Musacchio: transmitted to Kendall Law Group on disk only by hand delivery (svc) (Entered: 02/06/2014) |
| 03/20/2014 | 257 | Receipt for Return of Passport to US Department of State as to Michael Musacchio. Passport Number 439908295 issued by USA. (ctf) (Entered: 03/21/2014) |
| 09/04/2014 | 258 | TRIAL EXHIBITS by Michael Musacchio (svc) (Entered: 09/04/2014) |
| 09/04/2014 | 259 | EXHIBITS as to Michael Musacchio (svc) (Entered: 09/04/2014) |
| 09/04/2014 | | Supplemental Record on Appeal for USCA5 13−11294 (related to 224 appeal) as to Michael Musacchio: Record consisting of: 1 ECF electronic record, certified to USCA. To request a copy of the record (on disk or on paper), contact the appeals deputy in advance to arrange delivery. (svc) (Entered: 09/04/2014) |
| 09/05/2014 | | Supplemental Record on Appeal for USCA5 13−11294 (related to 224 appeal) as to Michael Musacchio: transmitted to US Attorney's Office (svc) (Entered: 09/05/2014) |
| 11/26/2014 | | Return of Exhibits to US Attorney's Office. No exhibits remain in clerk custody. (EXH−ADM flag removed) Exhibits offered by USA as to Michael Musacchio. (svc) (Entered: 11/26/2014) |
| 12/18/2014 | 260 | Opinion of USCA in accordance with USCA judgment re 224 Notice of Appeal, filed by Michael Musacchio. (svc) (Entered: 12/18/2014) |
| 12/18/2014 | 261 | JUDGMENT/MANDATE of USCA as to 224 Notice of Appeal, filed by Michael Musacchio. The judgment of the District Court is affirmed (Attachments: # 1 USCA5 Letter) (svc) (Entered: 12/18/2014) |
| 01/05/2015 | 262 | ORDER as to Michael Musacchio: On this day, the Court considered the need to enter the following order. The above Defendant shall surrender to the Bureau of Prisons on Wednesday, 2/11/2015 before 2:00p.m. It is therefore ORDERED that Defendant Michael Musacchio surrender to the Bureau of |

| | | | |
|---|---|---|---|
| | | | Prisons on 2/11/2015 before 2:00p.m. (Ordered by Chief Judge Jorge A Solis on 1/5/2015) (bdb) (Entered: 01/06/2015) |
| 02/09/2015 | 265 | | Emergency MOTION to Continue *Surrender Date* filed by Michael Musacchio (Kendall, Joe) (Entered: 02/09/2015) |
| 02/10/2015 | 266 | | MOTION to Withdraw Document 265 Emergency MOTION to Continue *Surrender Date* filed by Michael Musacchio (Kendall, Joe) (Entered: 02/10/2015) |
| 07/02/2015 | 267 | | Received letter from USCA5: The petition for a writ of certiorari is granted. (axm) (Entered: 07/02/2015) |
| 11/02/2018 | 268 | | Prob 12E as to Michael Musacchio. (Ordered by Judge David C Godbey on 11/2/2018) (svc) (Entered: 11/05/2018) |
| 11/20/2018 | 269 | 87 | ORDER TRANSFERRING PROBATION/SUPERVISED RELEASE JURISDICTION as to Michael Musacchio pursuant to 18 USC 3605 with the records of this court TO the US District Court for Northern District of Illinois FROM Northern District of Texas upon order accepting jurisdiction. Case number in other district: 18cr787. (Ordered by Judge David C Godbey on 11/02/2018) (twd) (Entered: 11/30/2018) |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA   §
       §
v.                   §  No.
       §
Michael Musacchio (1)     §
Joseph Taylor (Roy) Brown (2) §
John Michael Kelly (3)      §

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV – 2 2010

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

3 – 1 0 C R 0 8 0 8 – P

## INDICTMENT

The Grand Jury Charges:

### Introduction

At all times material to this indictment:

1.     Exel Transportation Services, Inc. (Exel), formerly known as Mark VII

Transportation Co., Inc. (Mark VII), had offices in Addison and Dallas, Texas, Memphis,

Tennessee and elsewhere, and conducted business in the Northern District of Texas,

Dallas Division, and elsewhere.

2.     Total Transportation Services LLC conducted business in the Northern

District of Texas, Dallas Division, and elsewhere as Worldwide Total Transportation

Services GP LLC and was the general partner of the entity operated as Total

Transportation Services LP doing business as Worldwide Total Transportation Services

LP. Total Transportation Services LLC and Total Transportation Services LP operated as

Total Transportation Services (TTS). TTS was formed on or about November 15, 2005.

**Indictment (Musacchio, Brown, Kelly) - Page 1**

3.    TTS and Exel were competitors. Exel was a third party logistics company

or intermodal marketing company which provided transportation and supply chain

management products and services that facilitated the links between shippers and

common carriers in the manufacturing, retail and consumer industries. Exel entered into

contracts with independent agents and independent sales agents. Through these

contractual arrangements and the utilization of in-house sales agents, Exel connected

shipping customers with appropriate carriers and provided products, services and

technology to assist its customers to transport goods. TTS, as Exel's competitor, was also

a third party logistics company which offered similar types of business services and

products, and utilized similar types of contracts with independent agents and independent

sales agents.

4.    **Michael J. Musacchio**, from in or about 1992, and continuing through on

or about September 9, 2004, was employed by Exel and its predecessor Mark VII in high-

level supervisory, management and officer positions. From in or about 2000, through in

or about September 9, 2004, **Musacchio** was the President and Chief Executive Officer of

Exel. **Musacchio** left his position with Exel on or about September 9, 2004. From in or

about November 2005 through in or about April 2006, **Musacchio** was employed by TTS

as the President and CEO. **Musacchio** was one of the initial Directors on the Board of

Directors of TTS and held equity ownership in TTS.

5.    **Joseph Taylor Brown**, also known as **Roy Brown**, worked for Exel and its

predecessor Mark VII from in or about August 1999 until on or about October 17, 2005.

At the time **Brown** left Exel, **Brown's** position was Vice President of Agency Support

Indictment (Musacchio, Brown, Kelly) - Page 2

which was primarily an Information Technology position. **Brown** agreed to accept a position with TTS on or about October 21, 2005, as the Vice President for Information Technology. From in or about October 2005 through in or about April 2006, **Brown** was employed by TTS. Before **Brown** left TTS, he held an equity ownership interest in TTS.

6.     **John Michael Kelly** worked for Exel from on or about October 2, 2000 until his resignation on or about October 27, 2005. At the time of his resignation, **Kelly** worked as the Senior Network Engineer for Exel. As an information technology specialist or network administrator, **Kelly** had administrator level access to all of the networked computers and internal email systems at Exel, including administrator-level access to Exel's computer network. After leaving Exel until on or about October 27, 2010, **Kelly** was employed as Manager IT-Infrastructure for TTS.

7.     At all times relevant to this indictment, the email servers of Exel were located at the corporate offices of Exel in Memphis, Tennessee. In addition, **Musacchio**, **Brown** and **Kelly**, while employed by Exel, worked at the Exel offices in Dallas, Texas and Addison, Texas. All Exel employees were bound by the Exel "Employment and Noncompete Agreement" and the "Exel Transportation Services, Inc. E-Mail and Telephonic Communications Employee Acknowledgment Form."

8.     Unindicted coconspirators no. 1, 4, and 5 were employees of Exel who became employees of TTS after **Musacchio** and **Brown** left Exel. Unindicted coconspirators no. 2 and 3 were financiers.

Indictment (Musacchio, Brown, Kelly) - Page 3

## Count One

### Conspiracy To Make Unauthorized Access to Protected Computer and
### To Exceed Authorized Access to Protected Computer
(Violation of 18 U.S.C. § 371 (conspiracy to violate 18 U.S.C. §§ 1030(a)(2)(C); (c)(2)(B)(i)-(iii)
(unauthorized access and exceeding authorized access));

1.     The Grand Jury realleges and incorporates the allegations of paragraphs 1-
8 of the Introduction to the Indictment.

### Object of the Conspiracy

2.     From at least in or about April 2004 and continuing through in or about

March 2006,  in the Dallas Division of the Northern District of Texas and elsewhere,

defendants **Michael Musacchio, Joseph Taylor (Roy) Brown and John Michael Kelly,**

aided and abetted by each other, did unlawfully, willfully, and knowingly combine,

conspire, confederate and agree among themselves, with each other and with other

persons known and unknown to the Grand Jury, to commit offenses against the United

States, specifically, to intentionally access a computer without authorization and exceed

authorized access to a protected computer, as defined at 18 U.S.C. § 1030(e)(2)(B), and

thereby obtain information, and the offense was committed for purposes of commercial

advantage and private financial gain and in furtherance of a criminal and tortious act in

violation of the Constitution or laws of the United States or of any state, including the

State of Texas, and the value of the information obtained exceeded $5,000, in violation of

18 U.S.C. § 371 (conspiracy to violate 18 U.S.C. §§1030(a)(2)(C); (c)(2)(B)(i)-(iii)

(unauthorized access and exceeding authorized access to a protected computer)).

Indictment (Musacchio, Brown, Kelly) - Page 4

<u>Manner and Means</u>

A.     **Musacchio** and **Brown** made unauthorized access and exceeded authorized access to Exel's protected computers including the Exel mail server from their personal internet accounts, their assigned user accounts at the offices of TTS, and the administrator accounts at Exel, and obtained Exel emails, email attachments, and other business documents containing Exel's confidential and proprietary information.  They did so to provide a commercial advantage and private financial gain to TTS, themselves, **Kelly**, and the unindicted coconspirators.

B.     **Musacchio** and **Brown** obtained administrative passwords and login information to Exel's protected computers from **Kelly** and made unauthorized access and exceeded any authorized access to Exel's protected computers.  They did so to provide a commercial advantage and private financial gain to TTS, themselves, **Kelly** and the unindicted coconspirators.

C.     **Musacchio** directed unindicted coconspirators, who were employed by Exel during the time of the conspiracy, to exceed any authorized access to Exel's protected computers, and to obtain Exel's emails, email attachments, and other business documents containing Exel's confidential and proprietary information.  He did so to provide a commercial advantage and private financial gain to himself, TTS, **Brown**, **Kelly** and the unindicted coconspirators.

D.     **Brown** made unauthorized access to and exceeded his authorized access to Exel's protected computers and obtained Exel's emails, email attachments, and other business documents containing Exel's confidential and proprietary information. **Brown**

Indictment (Musacchio, Brown, Kelly) - Page 5

frequently forwarded Exel's confidential, proprietary emails and documents to

**Musacchio** and other unindicted coconspirators.  He did so to provide a commercial

advantage and private financial gain to himself, TTS, **Musacchio**, **Kelly** and the

unindicted coconspirators.

      E.    **Brown** obtained administrative passwords and login information to Exel's

protected computers from **Kelly** and provided the passwords and login information  to

**Musacchio** to enable him to make unauthorized access to the protected computers of Exel

and to defraud Exel of its proprietary information and business documents for the benefit

of **Musacchio**, **Brown**, **Kelly**, the unindicted coconspirators and TTS.

      F.    **Kelly**, while employed by Exel, instructed an Exel IT employee that he

should not change the administrative passwords on the Exel computer servers even after

**Kelly** and **Brown** left Exel.  The retention of the same administrative passwords provided

continued unauthorized access to Exel's protected computers after **Kelly**, **Brown**, and

**Musacchio** left Exel's employment and became employees of TTS, Exel's competitor.

      G.    **Kelly** provided the Exel passwords and login information to **Brown**.

**Brown** provided the Exel passwords and login information to **Musacchio**,  to enable

**Brown**, **Kelly** and **Musacchio** to make unauthorized access to the protected computers of

Exel.  He did so to provide a commercial advantage and private financial gain to

**Musacchio**, **Brown**, **Kelly**, the unindicted coconspirators, and TTS.

Overt Acts

      In furtherance of the conspiracy and to achieve its objects, defendants **Michael**

**Musacchio, Joseph Taylor (Roy) Brown, and John Michael Kelly** committed and

caused to be committed, among others, the following overt acts in the Northern District of

Texas, and elsewhere:

### 2004-2005

1.      In or about April 2004, **Musacchio** and unindicted coconspirators No. 2 and

3, discussed the funding for the formation of a new company, later to be called TTS (the

funding initiative was referred to as "Otra Vez"), which would compete with Exel in the

transportation services industry.  The participants agreed upon the initial management

group of TTS, and entered into an agreement to obtain Exel's proprietary and confidential

information for the benefit of TTS.

2.      On or about September 7, 2004, **Musacchio** resigned from his position as

president of Exel effective September 9, 2004.  On or about September 7, 2004,

**Musacchio** and **Brown** discussed how **Musacchio** could access Exel's protected

computers without authorization after **Musacchio** left Exel's employment.

3.      On or about September 30, 2004, **Musacchio** sent an email with attachment

to unindicted coconspirators No. 2 and 3 from his personal comcast.net account with the

message "here is the ETS 2005 budget plan."  The attachment was the budget plan which

was dated after **Musacchio** had left Exel.

4.      On or about December 21, 2004, **Brown** exceeded his authorized access to

the Exel email server and to the email account of an Exel employee known to the grand

jury.  **Brown** used his Blackberry and forwarded an email he had obtained from the Exel

employee's account to **Musacchio** at **Musacchio's** comcast.net account with the

Indictment (Musacchio, Brown, Kelly) - Page 7

message: "Some email between Jim and Andrew........Maybe ETS is for sale?"

5.      On or about January 7, 2005, **Brown** exceeded authorized access to the

Exel email server and to the account of a person known to the grand jury. **Brown** used

his bellsouth.net account to forward an email message from that account to **Musacchio** at

his comcast.net account with the subject line "You will enjoy this........" **Musacchio**

replied by email to **Brown** "This is great stuff!  Thanks."

6.      On or about February 21, 2005, an Exel employee known to the grand jury

sent an email to **Musacchio** in which he asked **Musacchio** not to send items to his Exel

email account due to the "covertness of this operation."

7.      On or about April 22, 2005, **Brown**, while working at Exel, exceeded his

authorized access and accessed the Exel email accounts for Exel employees.  **Brown**

obtained copies of email messages and attachments containing Exel proprietary business

plans which he forwarded to **Musacchi**o at **Musacchio's** comcast.net account.

**Musacchio** replied to  **Brown** by return email and made the following request: " "Roy, if

you can keep watch for replies to this email or anything else related to it, that would be

very helpful!"  **Brown** responded "Doing my best."

8.      On or about May 16, 2005, **Musacchio** and an independent agent met with

other persons known to the grand jury to discuss a revised business plan for a new

business entity which would compete with Exel .

9.      On or about August 23, 2005, **Brown** and **Musacchio** exchanged emails in

which **Brown** provided **Musacchio** with Exel's proprietary agency information which he

had obtained from Exel's email accounts by exceeding his authorized access to Exel's

Indictment (Musacchio, Brown, Kelly) - Page 8

servers. **Musacchio** emailed **Brown** that "this will be helpful," then requested **Brown**

provide additional emails from the email account of Exel's president. **Brown** responded

that it was possible for him to provide additional emails from that account and asked if

there was specific information he should look for.

10.     On or about August 30, 2005, **Brown** exceeded his authorized access for

the email account of "Ets.Offices.All@Ets.Exel.Com" and forwarded an email message

sent from "bill.reed@ets.exel.com" to his home email account with bellsouth.net. **Brown**

then forwarded the message from his home account to **Musacchio** at **Musacchio's**

comcast.net account.

11.     On or about September 1, 2005, **Brown** emailed Exel's proprietary

information to **Musacchio** concerning the possible future acquisition of Exel.

**Musacchio** responded to **Brown** that "this . . . is going to fall right into our plan."

12.     On or about September 20, 2005, **Brown** exceeded his authorized access to

Exel's email server and to the account of the Exel president. He used his bellsouth.net

account to send a copy of an email from the president's Exel account concerning the

president's board presentation with an attached spreadsheet to **Musacchio** at

**Musacchio's** comcast.net account. **Musacchio** replied to **Brown** "you are the Man!"

13.     On or about September 20, 2005, **Brown** exceeded his authorized access to

Exel's email server and to the email account of Exel's president, and obtained a file

"Phantom Stock Option programme.xls." He then used his bellsouth.net account to send

the file to **Musacchio** at **Musacchio's** comcast.net account. **Musacchio** replied by email:

"You are on fire!  Take a look at Toad's email and see if he is sucking up to Jim!"

Indictment (Musacchio, Brown, Kelly) - Page 9

**Brown** then responded: "he is about as much out of the loop as Steve.  I have looked but to no great findings [sic]."

14.      Beginning on or about September 20, 2005 and continuing through March 25, 2006, a TTS user account assigned to **Brown** used the TTS servers to log onto the Exel servers.  Brown exceeded his authorized access to Exel servers in this manner prior to leaving Exel on October 17, 2005, and acted without authorized access after that date. While logged on, the TTS account accessed the email accounts of Exel's president, vice president and other Exel employees more than 300 times.

15.      On or about September 21, 2005, **Brown** exceeded his authorized access to the Exel email server and to the email account of the Exel president.  He used  his bellsouth.net account to forward an email from the Exel president to another employee's account to **Musacchio** at **Musacchio's** comcast.net account with the subject line "From Jim to Andrew."  On that date **Brown** also exceeded authorized access to the Exel email server, and used his bellsouth.net account to forward to **Musacchio** at **Musacchio's** comcast.net account an email with attachments concerning proposed corporate changes which was sent from the Exel president to "Andrew/Tony."

16.      On or about October 10, 2005, **Brown** exceeded authorized access to the Exel email server.  **Brown** sent an email from his bellsouth.net account to **Musacchio** at **Musacchio's** comcast.net account with the subject line: "Interesting reading........"

17.      On or about October 10, 2005, **Brown** exceeded his authorized access to the Exel email server and to the email account of Exel's president.  **Brown** forwarded a copy of an email from the president's account to **Musacchio**.  **Musacchio** replied to

Indictment (Musacchio, Brown, Kelly) - Page 10

**Brown**, "This is great! . . . as long as Exel has something else to focus on, it will keep us off of their radar screen! . . . .Isn't there a way(when the time is right for us to write and email as Brad to Jim and really make some bogus shit up for them to get excited about? [sic]" **Brown** responded "Yes and it sounds like fun . . . that would really [expletive deleted] with their heads!" **Musacchio** then emailed to **Brown** "I would like to compose an email from Brad to Jim.  Can we do it and not have it traced?"  On or about October 11, 2005, **Brown** responded "Yes, of course."

18.     On or about October 14, 2005, **Brown** exceeded his authorized access to Exel's email server and to the email account of Exel's president.  **Brown** used his bellsouth.net account and forwarded an email from the president's account to **Musacchio** at **Musacchio's** comcast.net account with the subject line: "RE: You will enjoy this......." **Musacchio** replied by email and wrote: "Thanks.  Now the next question is, how are we going to get into email after you leave?" **Brown** replied: "Not a problem..........I have the back door password that only I know and no one else can change." **Musacchio** emailed back to **Brown** "beauty!"

19.     On or about October 14, 2005, **Musacchio** emailed **Brown** from his comcast.net account with the subject line "Follow Up," and asked **Brown** to "Please keep looking in Brad's email to see if there id [sic] any information being passed to him from Frito-Lay about a meeting I will be having with them.  Thanks."

20.     On or about October 26, 2005, **Brown** sent **Musacchio** an email from Exel Legal Counsel to Exel's president that he obtained by an unauthorized access to Exel's email server.  The email to **Musacchio** had the subject line "from Dick to Jim."  On the

Indictment (Musacchio, Brown, Kelly) - Page 11

same date, **Musacchio** forwarded the email to unindicted coconspirator no. 2.

21.     On or about October 29, 2005, **Musacchio** emailed **Brown** and directed "When you are perusing Jim or Andrew's email, please look for monthly/weekly financials. Thanks." **Brown** replied by email "What month do you want? I have everything up until I left which is through September. October numbers will be next week."

22.     In or about October 2005, before **Brown** left Exel's employment, **Kelly** showed **Brown** how to access Exel's email system via the internet. **Kelly** showed **Brown** how to use an administrator-level account to access Exel employees' individual email accounts.

23.     On or about October 27, 2005, **Musacchio** forwarded an email to a person known to the grand jury which had been obtained without authorization from Exel servers. The email which **Musacchio** forwarded was from Exel counsel to the Exel president concerning the fact that no Federal Maritime Commission Application existed for **Musacchio**.

24.     On or about November 1, 2005, **Brown** made unauthorized access to the Exel email server and accessed the email account of the Exel president. He then used his bellsouth.net account to forward an email from the president's account to **Musacchio** at **Musacchio's** comcast.net account with the subject line: "How funny is this shit!"

25. On or about November 3, 2005, unindicted coconspirator no. 1 used her Hotmail account and sent an email to **Musacchio** containing information about phone calls she had overheard the company president making at Exel's office. **Musacchio**

Indictment (Musacchio, Brown, Kelly) - Page 12

thanked her and told her "this is good stuff." **Musacchio** then used his comcast.net email

account to email **Brown** with the subject line "FW: Edie, and other misc. gossip." In the

email **Musacchio** wrote: "Confidential to you, but stay close to Jim's email. This is

going to get interesting! Please do not let [unindicted coconspirator no. 1] know that I

passed this to you! Thanks." **Brown** responded from his bellsouth.net email account and

stated ". . . I will get back in the email and see what all is taking place."

  26. On or about November 7, 2005, **Brown** made unauthorized access to the

Exel email server and accessed the email account of the Exel president. He then used his

bellsouth.net account to forward an email in the president's account to **Musacchio** at

**Musacchio's** comcast.net account with the the subject line: "From Jim to

Dan/Andrew/Tony." **Musacchio** then sent the email to unindicted coconspirator no. 1

with the message,"You didn't see this. ok."

  27. On or about November 8, 2005, **Brown** made an unauthorized access to

Exel's email server and the account of Exel's president and copied an email from the

account. **Brown** then emailed **Musacchio** at **Musacchio's** comcast.net account the email

he had copied from Exel's server with the subject line "Talk between Jim and Dan." On

or about November 9, 2005, **Musacchio** forwarded this email to his wife and admonished

her not to say anything about what he was doing.

  28. On or about November 9, 2005, **Brown** made an unauthorized access to

Exel's email server and to the email account of Exel's president. **Brown** forwarded a

copy of an email string between Exel's president and Exel's Legal Counsel which had the

subject line "Organizational Announcement" to **Musacchio** with his subject line "They

Indictment (Musacchio, Brown, Kelly) - Page 13

have no idea!!!!!!!!"

29.     On or about November 11, 2005, **Kelly**, began training an Exel employee to replace him.  **Kelly** told the Exel employee how to maintain and operate the computer systems at Exel and instructed him not to change the system passwords.

30.     On or about November 20, 2005, **Musacchio** sent an email to unindicted coconspirator no. 5, an Exel employee, to thank him for sending Exel's proprietary "Salesperson Comparison" information to him and asking whether he also had YTD figures for sales personnel. 5 had sent the Exel proprietary information without authorization.

31.     On or about November 21, 2005, unindicted coconspirator no. 4, an Exel employee, contacted **Musacchio** concerning a directive he had received from the Exel President and CEO regarding agents.  On that date, **Musacchio** emailed unindicted coconspirator no. 2 requesting a meeting to discuss a TTS Board of Directors' resolution that **Musacchio** believed was needed.

32.     Beginning on or about November 23, 2005, and continuing through on or about February 12, 2006, the TTS user account belonging to **Musacchio** was used to log onto the Exel mail servers without authorization and to access the email accounts of Exel employees approximately 3,000 times.

33.     On or about November 24, 2005, **Musacchio** emailed **Brown** from his TTS email account to inform **Brown** that the Exel web mail server was down and he could not access the email accounts of Exel employees.  **Musacchio's** message read: "When you get a chance, try to get onto ETS's Webmail.  Everything was fine last night, but tonight I

Indictment (Musacchio, Brown, Kelly) - Page 14

get an error message that says "Failed to Connect to Mail Server". I didn't do anything

that would lock me out. Maybe the server is down?" On November 25, 2005, **Brown**

replied to **Musacchio** from his TTS email account that : "Looks like the server is down

..........guess we will have to wait until someone figures that out." **Musacchio** replied:

"ok, thanks." Later **Brown** emailed **Musacchio** to let him know that he had restarted the

Exel email server remotely and said "It's working now ..........I restarted it remotely..........I

guess they have not changed a single password!"

34.     On or about November 26, 2005, **Musacchio** emailed other persons known

to the grand jury, and attached a copy of a confidential Exel memo describing Exel's 2006

Agent Retention/Incentives for keeping agents.

35.     On or about November 28, 2005, a person known to the grand jury emailed

**Musacchio** and expressed his concern about the legal risks of sending and receiving Exel

documents and stated, "We don't want to give Exel grounds for legal action."

### 2006

36.     On or about January 6, 2006, **Brown** sent an email to **Musacchio** in which

he wrote "Go into the "email" and look at the sent items for JD."

37.     On or about January 6, 2006, **Brown** made unauthorized access to the Exel

email servers, to the account of a person known to the grand jury, and then emailed

**Musacchio** information from the email concerning a hold on the checks of sales agents.

38.     On or about January 7, 2006, **Musacchio** sent an email to **Brown**,

unindicted coconspirators no. 1, no. 3, and other persons known and unknown to the

grand jury, in which he asked that they keep "confidential information" that he had

Indictment (Musacchio, Brown, Kelly) - Page 15

provided to them a secret. **Musacchio** warned them that disclosure of the confidential information would "destroy other people's careers."

39.    On or about January 7, 2006, **Brown** signed an employment offer letter accepting employment with TTS which was countersigned by **Musacchio** as President and CEO of TTS and which stated that his employment with TTS became effective on October 24, 2005.

40.    On or about January 7, 2006, **Musacchio** sent an email to **Brown** with the subject line "ETS Email" and the message "Do you think we are locked out forever??"

41.    On or about January 8, 2006, **Brown** sent **Kelly** an email stating "Hey, my back door to you know where is locked out. Do you know another way in?" On or about January 8, 2006, **Kelly** replied to **Brown** via email with the user names and passwords for the "Exchange_service," "BESAdmin," and "Delano.service" administrator-level accounts that enabled **Brown** to make unauthorized access to Exel's protected computers. Brown emailed **Musacchio** later with the subject line "Back door Success" and wrote "I AM IN!!!!!!!!!! Several hours later I can see again!"

42.    On or about January 12, 2006, **Musacchio** emailed **Brown** with the subject line "Load Tech" and with a message that an Exel employee "found out we are using Load Tech." **Brown** replied by email "Do you know how?" **Musacchio** then emailed **Brown** the message "Email said someone told her." **Brown** emailed back to **Musacchio** ". . . I will look in her email tomorrow."

43.    On or about January 17, 2006, **Musacchio** sent an email to **Brown** with a subject line "Go hunting." The message indicated that **Musacchio** wanted **Brown** to look

Indictment (Musacchio, Brown, Kelly) - Page 16

at the email boxes of the Exel president, legal counsel, vice president and another officer.

**Brown** responded that he was heading to dinner, but that when he got to the apartment he would "dig deep."

44.     On or about January 18, 2006, **Brown** made an unauthorized access to the Exel email server and the account of the Exel president. **Brown** sent an email to **Musacchio** with the subject line "Unbelievable email between Jim and Dick...............they are paranoid!" to which he attached an email exchange between the Exel president and Exel legal counsel.

45.     On or about January 20, 2006, **Brown** made an unauthorized access to the Exel email server and obtained the Exel Weekly update, Exel's proprietary document, which he emailed to **Musacchio** and unindicted coconspirator no. 1.

46.     On or about January 21, 2006, **Brown** made unauthorized access to Exel's email server and to the email account of Exel's legal counsel. He then forwarded a message taken from that account with the subject line "RE: From Dick Merrill to an outside attorney" to **Musacchio**.

47.     On or about January 21, 2006, **Musacchio** made unauthorized access to the Exel email servers and to the account of Exel's legal counsel. He then forwarded an email which had been sent by Exel's legal counsel to another and which discussed the possibility of Exel's phones being tapped. **Musacchio** then forwarded the email to **Brown** and discussed it in a series of emails. On January 21, 2006, **Musacchio** emailed **Brown** and told him to "delete everything I sent you - I am now deleting everything you and I correspond [sic] as soon as I read it."

Indictment (Musacchio, Brown, Kelly) - Page 17

48.     On or about February 3, 2006, **Musacchio** emailed **Brown** with the subject line "Levi sent email info to Damman - DELETE AFTER READING."

49.     On or about February 23, 2006, **Brown** made an unauthorized access to the Exel email servers and to the email account of Exel's president. After making the unauthorized access, **Brown** forwarded to **Musacchio** a confidential email between Exel's president and a person known to the grand jury which had been sent by the president on or about February 22, 2006 with the subject "Re: Confidential - PepsiCo/Frito Lay." **Musacchio** responded to **Brown** at his email account at bellsouth.net from **Musacchio's** email account at TTS.

50.     On or about February 23, 2006, **Brown** made an unauthorized access to the Exel email server and to the email account of Exel's president. After making the unauthorized access, **Brown** forwarded a confidential email between Exel's president and Exel's vice president which had been sent by the president on or about February 22, 2006 with the subject "RE: Thanks" to **Musacchio**. **Musacchio** responded to **Brown** at his email account at bellsouth.net from **Musacchio's** email account at TTS.

51.     On or about February 23, 2006, **Brown** made an unauthorized access to the Exel mail server and to the email account of an Exel employee. After making the unauthorized access, **Brown** forwarded a confidential email string between Exel's president and another Exel employee known to the grand jury to **Musacchio** with the subject line "Long..........but good." **Musacchio** used his email account at TTS, and replied to **Brown** at **Brown's** email address at bellsouth.net and included the message "This is a good one!  Looks like we are in good shape. Sent From Blackberry Handheld,

Indictment (Musacchio, Brown, Kelly) - Page 18

Please Excuse Typos."

52.    On or about February 23, 2006, **Brown** made an unauthorized access to the Exel mail server and to the email account of Exel's president.  After making the unauthorized access, **Brown** forwarded a confidential email which was copied to the president and others known to the grand jury to **Musacchio** with the subject line "He sounds pist! [sic]."  **Musacchio** replied from his email account at tts-us.com to **Brown** at his email account at bellsouth.net with the message "Maybe time to call him?..."

53.    On or about February 23, 2006, **Brown** made an unauthorized access to the Exel mail server and to the email account of an Exel employee.  After making the unauthorized access, **Brown** forwarded a confidential email between Exel's president and another person known to the grand jury which had the subject line "Re: American Suzuki."  The content of the email discussed the loss of an account for American Suzuki to **Musacchio**.  **Musacchio** used his email account at TTS and replied to **Brown** via email at his bellsouth.net with the statement "Well, now they know. . . ."

54.    On or about February 23, 2006, **Brown** made an unauthorized access to the Exel email server and to the account of Exel's president.  After making the unauthorized access, **Brown** forwarded a copy of a confidential email between Exel's president and a person known to the grand jury which had a subject line "Key People," and which discussed providing an incentive to prevent losing key personnel to **Musacchio**.  **Musacchio** used his TTS email account to reply to **Brown** at his bellsouth.net account with the message: "Throw more money after something we are not after!..."

Indictment (Musacchio, Brown, Kelly) - Page 19

55.     On or about February 24, 2006, **Brown** made an unauthorized access to the Exel email servers and to the account of Exel's vice president. After making the unauthorized access, **Brown** forwarded a confidential email to **Musacchio**. The confidential email was between the vice president and another person known to the grand jury which had been sent by the vice president on or about that date with the subject line "Letter going to West Farm." **Musacchio** replied to **Brown** at his bellsouth.net on the same date from his email account at tts-us.com. In an exchange of emails, **Musacchio** responded to **Brown** "...We cannot do anything unwise at this time."

56.     On or about February 25, 2006, **Brown** made an unauthorized access to the Exel email servers and to the email account of an Exel employee and obtained an email that Exel's president and another Exel employee had received on that date from the vice president. The email to the president contained the subject line "FW: update information on the action items of the day."   After making the unauthorized access, **Brown** forwarded a copy of the email to **Musacchio** with a blank subject line. **Musacchio** replied to **Brown's** email account at Brown's bellsouth.net account from his email account at tts-us.com.

57.     On or about March 7, 2006, **Brown** made an unauthorized access to the Exel email servers and to the email account of Legal Counsel for Exel. **Brown** used his email account at bellsouth.net, and forwarded to **Musacchio** at his TTS email account, correspondence from Exel Legal Counsel to another person known to the grand jury with subject line "RE: Personal Computer - Chain of Custody" which described Exel's internal investigation into data breaches at Exel, including the unauthorized destruction of data by

Indictment (Musacchio, Brown, Kelly) - Page 20

**Brown** and unauthorized removal of equipment by **Kelly**.

58.     On or about March 16, 2006, **Brown** made unauthorized access to Exel

email servers, after which he sent **Musacchio** a copy of a confidential internal Exel email,

with the subject line "Remember to completely delete" and the email sensitivity as

"Private." The email was responded to by **Musacchio** from an email account assigned to

him by TTS, and was sent to an email account assigned to **Brown** by TTS. **Musacchio's**

response was "Well! We are getting into better and better position! Thank you for

getting this info."

59.     On or about March 17, 2006, **Brown** made an unauthorized access to

the Exel email servers and to the account of Exel's president, and obtained Exel's

proprietary information contained in internal emails between Exel's president and a

person known to the grand jury. On or about March 18, 2006, **Musacchio** and **Brown**

exchanged emails with the subject line "Re: Very long but very good information" in

which they debated the merits of an email chain between Exel employees which discussed

an important Exel client.

60.     On or about March 18, 2006, **Brown** made unauthorized access to the Exel

email server and to the account of Exel's president. **Brown** sent a copy of emails

between the president and others known to the grand jury to **Musacchio** from his email

account at bellsouth.net with the subject line "Dan is outa there!" **Musacchio** replied to

**Brown's** email from his email account at TTS.

61.     On or about March 24, 2006, in an email string between **Musacchio** and

**Brown**, **Musacchio** instructed **Brown** "if you go fishing, please look for anything about

Indictment (Musacchio, Brown, Kelly) - Page 21

Mitsubishi quotes by someone." **Brown** replied "I am <u>fishing</u> right now actually.  Lisa and Julie disappeared from the meeting and Todd thinks they are over at out office...." **Musacchio** responded "they are."  Later that day, **Brown** emailed **Musacchio** with the subject line "Bad News" and informed him "it appears my fishing hole has dried up ...no more fishing."  **Musacchio** responded "Why?"

      All in violation of 18 U.S.C. § 371 (conspiracy to violate 18 U.S.C. §§1030(a)(2)(C);(c)(2)(B)(i)-(iii) (unauthorized access and exceeding authorized access to protected computer)).

## Counts 2 - 22

### Exceeding Authorized Access to Protected Computers
(Violation of 18 U.S.C. §§1030(a)(2)(C); (c)(2)(B)(i)-(iii) and 1030(b))
#### Aiding and Abetting
(Violation of 18 U.S.C. § 2)

1.      The grand jury hereby realleges and incorporates the allegations set out in paragraphs 1-8 of the Introduction and Count 1 of the Indictment.

2.      On or about the dates indicated below, for each count below, in the Dallas Division of the Northern District of Texas and elsewhere, defendant, **Joseph Taylor (Roy) Brown,** aided and abetted by defendant **John Michael Kelly**, did knowingly and intentionally access without authorization, and attempted to access without authorization, a protected computer as defined at 18 U.S.C. § 1030(e)(2)(B), specifically, to intentionally access a computer without authorization, and thereby obtain information, and the offense was committed for purposes of commercial advantage and private financial gain and in furtherance of a criminal and tortious act in violation of the U. S. Constitution or laws of the United States or of any state, including the State of Texas, and the value of the information obtained exceeded $5,000, in violation of 18 U.S.C. §§1030(a)(2)(C); (c)(2)(B)(i)-(iii), and as a direct result accessed emails and attached documents contained in the email accounts of Exel officers and employees, as described below:

Indictment (Musacchio, Brown, Kelly) - Page 23

| COUNT | DATE | EXEL EMAIL ACCOUNT(S) |
|-------|------|----------------------|
| 2 | 11/07/2005 | Exel's President |
| 3 | 11/08/2005 | Exel's President |
| 4 | 11/09/2005 | Exel's President |
| 5 | 01/06/2006 | Exel's President |
| 6 | 01/08/2006 | Exel's President |
| 7 | 01/18/2006 | Exel's President |
| 8 | 01/20/2006 | Exel Server |
| 9 | 01/21/2006 | Exel's Legal Counsel |
| 10 | 02/23/2006 | Exel's President |
| 11 | 02/23/2006 | Exel's President |
| 12 | 02/23/2006 | Exel's President |
| 13 | 02/23/2006 | Exel's President |
| 14 | 02/23/2006 | Exel's President |
| 15 | 02/23/2006 | Exel's President |
| 16 | 02/24/2006 | Exel's Vice-President |
| 17 | 02/25/2006 | Exel Server |
| 18 | 03/07/2006 | Exel's Legal Counsel |
| 19 | 03/16/2006 | Exel Server |
| 20 | 03/17/2006 | Exel's President |
| 21 | 03/18/2006 | Exel's President |
| 22 | 03/18/2006 | Exel's Vice President |

All in violation of 18 U.S.C. §§ 1030(a)(2)(C); (c)(2)(B)(i)-(iii) and 2.

## Counts 23 - 24

### Unauthorized Access to Protected Computers
(Violation of 18 U.S.C. §§1030(a)(2)(C); (c)(2)(B)(i)-(iii) )

1.      The grand jury hereby realleges and incorporates the allegations set out in paragraphs 1- 8 of the Introduction and Count 1 of the Indictment.

2.      On or about the dates indicated below, for each count below, in the Dallas Division of the Northern District of Texas and elsewhere, defendant, **Michael Musacchio**, did knowingly and intentionally access without authorization, and attempted to access without authorization, an Exel protected computer, as defined at 18 U.S.C. § 1030(e)(2)(B), specifically, to intentionally access a computer without authorization, and thereby obtain information, and the offense was committed for purposes of commercial advantage and private financial gain and in furtherance of a criminal and tortious act in violation of the Constitution or laws of the United States or of any state, including the State of Texas, and the value of the information obtained exceeded $5,000, in violation of 18 U.S.C. §§1030(a)(2)(C); (c)(2)(B)(i)-(iii), and as a direct result accessed emails and attached documents contained in the email accounts of Exel officers and employees, as described below:

| COUNT | DATE | EXEL EMAIL ACCOUNT(S) |
|-------|------|-----------------------|
| 23 | 11/24/2005 | Exel Server |
| 24 | 01/21/2006 | Exel's Legal Counsel |

Indictment (Musacchio, Brown, Kelly) - Page 25

All in violation of 18 U.S.C. §§1030(a)(2)(C); (c)(2)(B)(i)-(iii).

A TRUE BILL

FOREPERSON

JAMES T. JACKS
UNITED STATES ATTORNEY
By:

LINDA C. GROVES
Assistant United States Attorney
Texas Bar No. 08553100
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.767.2846
Linda.Groves@usdoj.gov

MONA SEDKY
Trial Attorney
Computer Crime Intellectual Property Section
U. S. Department of Justice
Washington, D.C. 20005
Phone - (202) 353-4304
Fax - (202) 514-6113
Mona.Sedky@usdoj.gov

Indictment (Musacchio, Brown, Kelly) - Page 26

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA
v.
**MICHAEL MUSACCHIO (1)**
**JOSEPH TAYLOR (ROY) BROWN (2)**
**JOHN MICHAEL KELLY (3)**

INDICTMENT

18 U.S.C. § 371 and (18 U.S.C. § 1030(a)(2)(C); (c)(2)(B)(i)-(iii))
Conspiracy to Make Unauthorized Access to Protected Computer
and to Exceed Authorized Access to Protected Computer

18 U.S.C. §§ 1030(a)(2)(C); (c)(2)(B)(i)-(iii) and 1030(b)
Exceeding Authorized Access to Protected Computers
18 U.S.C. § 2
Aiding and Abetting

18 U.S.C. §§ 1030(a)(2)(C); (c)(2)(B)(i)-(iii)
Unauthorized Access to Protected Computers

24 Counts

A true bill rendered:

FOREPERSON

DALLAS

Filed in open court this 2nd ___ day of November, A.D. 2010.

Clerk

**WARRANT TO ISSUE AS TO DEFENDANTS:  MICHAEL MUSACCHIO,**
**JOSEPH TAYLOR (ROY) BROWN and JOHN MICHAEL KELLY**

UNITED STATES  DISTRICT/MAGISTRATE JUDGE

Magistrate Case Number pending:3:08-MJ-135 (Search Warrant)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

<table>
<tr><td colspan="2" style="text-align:center">Related Case Information</td></tr>
<tr><td>Superseding Indictment: ☐ Yes ☒ No   New Defendant: ☒ Yes ☐ No</td></tr>
<tr><td>Pending CR Case in NDTX: ☐ Yes ☒ No   If Yes, number:</td></tr>
<tr><td>Search Warrant Case Number : 3:08-MJ-135</td></tr>
<tr><td>R 20 from District of</td></tr>
<tr><td>Magistrate Case Number: N/A</td></tr>
</table>

**1.   Defendant Information**

Juvenile: ☐ Yes ☒ No

If Yes, Matter to be sealed:

☐ Yes ☒ No

Defendant Name          **MICHAEL MUSACCHIO (1)**

Alias Name

Address

County in which offense was committed:          Dallas, Texas

**2.   U.S. Attorney Information**

## AUSA LINDA C. GROVES

**Texas Bar No.** 08553100

**3-10CR0308-P**

**3.   Interpreter**

☐ Yes ☒ No   If Yes, list language and/or dialect:

**4.   Location Status WARRANT TO ISSUE**

Arrest Date -

☐ Already in Federal Custody
☐ Already in State Custody
☐ On Pretrial Release

**5.   U.S.C. Citations**

Total # of Counts as to This Defendant:   **3**   ☐ Petty   ☐ Misdemeanor   ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 371 and (18 U.S.C. § 1030(a)(2)(C); (c)(2)(B)(i)-(iii)) | Conspiracy to Make Unauthorized Access to Protected Computer and to Exceed Authorized Access to Protected Computer | 1 |
| 18 U.S.C. §§ 1030(a)(2)(C); (c)(2)(B)(i)-(iii) | Unauthorized Access to Protected Computers | 23-24 |

Date: November 1, 2010

Signature of AUSA: *Linda c Groves*
LINDA C. GROVES

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information | | |
|---|---|---|
| Superseding Indictment: ☐ Yes ☒ No   New Defendant: ☒ Yes ☐ No | | |
| Pending CR Case in NDTX: ☐ Yes ☒ No   If Yes, number: | | |
| Search Warrant Case Number : 3:08-MJ-135 | | |
| R 20 from District of _____ | | |
| Magistrate Case Number: N/A | | |

1.   **Defendant Information**

Juvenile: ☐ Yes ☒ No

If Yes, Matter to be sealed:

☐ Yes   ☒ No

Defendant Name _____ **JOSEPH TAYLOR (ROY) BROWN (2)** _____

Alias Name _____

Address _____

County in which offense was committed: _____ Dallas, Texas _____

2.   **U.S. Attorney Information**

**AUSA LINDA C. GROVES**

**3-10CR0308-P**

**Texas Bar No. 08553100**

3.   **Interpreter**

☐ Yes   ☒ No   If Yes, list language and/or dialect: _____

4.   **Location Status WARRANT TO ISSUE**

Arrest Date -

☐ Already in Federal Custody
☐ Already in State Custody
☐ On Pretrial Release

5.   **U.S.C. Citations**

Total # of Counts as to This Defendant:   **23**   ☐ Petty   ☐ Misdemeanor   ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 371 and (18 U.S.C. § 1030(a)(2)(C); (c)(2)(B)(i)-(iii)) | Conspiracy to Make Unauthorized Access to Protected Computer and to Exceed Authorized Access to Protected Computer | 1 |
| 18 U.S.C. §§ 1030(a)(2)(C); (c)(2)(B)(i)-(iii) and1030(b); 18 U.S.C. § 2 | Exceeding Authorized Access to Protected Computers Aiding and Abetting | 2-22 |

Date: November 1, 2010         Signature of AUSA: _____ *Linda C. Groves* _____
                                                    LINDA C. GROVES

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| | Related Case Information |
|---|---|
| Superseding Indictment: ☐ Yes ☒ No   New Defendant: ☒ Yes ☐ No |
| Pending CR Case in NDTX: ☐ Yes ☒ No   If Yes, number: |
| Search Warrant Case Number : 3:08-MJ-135 |
| R 20 from District of |
| Magistrate Case Number: N/A |

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   If Yes, Matter to be sealed:

   ☐ Yes   ☒ No

   Defendant Name _____ **JOHN MICHAEL KELLY (3)** _____

   Alias Name _____

   Address _____

   County in which offense was committed: _____ Dallas, Texas _____

2. **U.S. Attorney Information**

   **AUSA LINDA C. GROVES**

   **3-10CR0308-P**

   **Texas Bar No. 08553100**

3. **Interpreter**

   ☐ Yes   ☒ No   If Yes, list language and/or dialect: _____

4. **Location Status WARRANT TO ISSUE**

   Arrest Date -

   ☐ Already in Federal Custody
   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:   **23**   ☐ Petty   ☐ Misdemeanor   ☒ Felony

| **Citation** | **Description of Offense Charged** | **Count(s)** |
|---|---|---|
| 18 U.S.C. § 371 and (18 U.S.C. § 1030(a)(2)(C); (c)(2)(B)(i)-(iii)) | Conspiracy to Make Unauthorized Access to Protected Computer and to Exceed Authorized Access to Protected Computer | 1 |
| 18 U.S.C. §§ 1030(a)(2)(C); (c)(2)(B)(i)-(iii) and1030(b); 18 U.S.C. § 2 | Exceeding Authorized Access to Protected Computers Aiding and Abetting | 2-22 |

Date: November 1, 2010

Signature of AUSA: _Linda Groves_

LINDA C. GROVES

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JAN -8  PM 4: 09

DEPUTY CLERK _____

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § No. 3:10-CR-00308-P |
| | § **(Supersedes indictments returned** |
| | § **on November 2, 2010 and September 6,** |
| MICHAEL MUSACCHIO (1) | § **2012)** |
| | § |
| | § |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury Charges:

### Introduction

At all times material to this indictment:

1.     Exel Transportation Services, Inc. (Exel), formerly known as Mark VII Transportation Co., Inc. (Mark VII), had offices in Addison, Texas, Memphis, Tennessee, and elsewhere, and conducted business in the Northern District of Texas, Dallas Division, and elsewhere.

2.     Total Transportation Services LLC conducted business in the Northern District of Texas, Dallas Division, and elsewhere as Worldwide Total Transportation Services GP LLC and was the general partner of the entity operated as Total Transportation Services LP doing business as Worldwide Total Transportation Services LP.  Total Transportation Services LLC and Total Transportation Services LP operated as Total Transportation Services (TTS). TTS was formed in or about November 2005.

Second Superseding Indictment (Musacchio) - Page 1

3.      TTS and Exel were competitors.  Exel was a third party logistics company or intermodal marketing company which provided transportation and supply chain management products and services that facilitated the links between shippers and common carriers in the manufacturing, retail and consumer industries.  Exel entered into contracts with independent agents and independent sales agents.  Through these contractual arrangements and the utilization of in-house sales agents, Exel connected shipping customers with appropriate carriers and provided products, services and technology to assist its customers to transport goods.  TTS, as Exel's competitor, was also a third party logistics company which offered similar types of business services and products, and utilized similar types of contracts with independent agents and independent sales agents.

4.      **Michael Musacchio**, from in or about 1992, and continuing through on or about September 9, 2004, was employed by Exel and its predecessor Mark VII in high-level supervisory, management and officer positions.  From in or about 2000, through in or about September 9, 2004, **Musacchio** was the President and Chief Executive Officer (CEO) of Exel.  **Musacchio** left his position with Exel on or about September 9, 2004.  From in or about November 2005, through in or about April 2006, **Musacchio** was employed by TTS as the President and CEO.  **Musacchio** was one of the initial Directors on the Board of Directors of TTS and held equity ownership in TTS.

5.      Joseph Roy Brown, also known as Roy Brown, worked for Exel and its predecessor Mark VII from in or about August 1999, until in or about October 2005. At the time Brown left Exel, Brown's position was Vice President of Agency Support.

**Second Superseding Indictment (Musacchio) - Page 2**

57

Brown agreed to accept a position with TTS in or about October 2005, as the Vice President for Information Technology. From in or about October 2005, through in or about April 2006, Brown was employed by TTS.

6.      John Michael Kelly worked for Exel from on or about October 2, 2000, until his resignation on or about October 27, 2005. At the time of his resignation, Kelly worked as the Senior Network Engineer for Exel. As an information technology specialist or network administrator, Kelly had administrator level access to all of the networked computers and internal email systems at Exel, including administrator-level access to Exel's computer network. After leaving Exel, until on or about October 27, 2010, Kelly was employed as Manager IT-Infrastructure for TTS.

7.      At all times relevant to this indictment, Exel's computers which were used to access the email for Exel were located in both the Northern District of Texas, and Memphis, Tennessee. In addition, **Musacchio**, Brown and Kelly, while employed by Exel, performed work at the Exel offices in Addison, Texas. **Musacchio** was bound by non-compete and non-solicitation agreements while employed by Exel and until on or about January 18, 2005, after leaving Exel.

8.      Unindicted coconspirators KS, RE, JV and SB were employees of Exel. KS, JV and RE became employees of TTS after **Musacchio** and Brown left Exel. Unindicted coconspirators DL and HO were financiers.

**Second Superseding Indictment (Musacchio) - Page 3**

## Count One

Conspiracy To Make Unauthorized Access to Protected Computer
(Violation of 18 U.S.C. § 371 (conspiracy to violate
18 U.S.C. §§1030(a)(2)(c); (c)(2)(B)(i) and (iii)(unauthorized access))

1.     The Grand Jury realleges and incorporates the allegations of paragraphs 1-

8 of the Introduction to the Indictment.

### Object of the Conspiracy

2.     From at least in or about April 2004, and continuing through in or about

March 2006,  in the Dallas Division of the Northern District of Texas, and elsewhere,

defendant **Michael Musacchio,** did unlawfully, willfully, and knowingly combine,

conspire, confederate and agree with Joseph Roy Brown and Michael Joseph Kelly, and

with other persons known and unknown to the Grand Jury to commit offenses against the

United States, specifically, to intentionally access a computer without authorization and

exceed authorized access to a protected computer, as defined at 18 U.S.C. §

1030(e)(2)(B), and thereby obtain information, and the offense was committed for

purposes of commercial advantage and private financial gain, and the value of the

information obtained exceeded $5,000, in violation of 18 U.S.C. § 371 (conspiracy to

violate 18 U.S.C. §§1030(a)(2)(c); (c)(2)(B)(i) and (iii) (unauthorized access to a

protected computer)).

### Manner and Means

A.     **Musacchio** and Brown made unauthorized accesses and exceeded

authorized access to Exel's protected computers including the Exel mail server from their

**Second Superseding Indictment (Musacchio) - Page 4**

personal internet accounts, their assigned user accounts at the offices of TTS, and the

administrator accounts at Exel, and obtained Exel emails, email attachments, and other

business documents containing Exel's confidential and proprietary information. They did

so to provide a commercial advantage and private financial gain to TTS, themselves,

Kelly, and the unindicted coconspirators.

B.     **Musacchio** and Brown obtained administrative passwords and login

information to Exel's protected computers from Kelly and made unauthorized accesses

and  exceeded any authorized access to Exel's protected computers. They did so to

provide a commercial advantage and private financial gain to TTS, themselves, Kelly and

the unindicted coconspirators.

C.     **Musacchio** directed unindicted coconspirators, who were employed by Exel

during the time of the conspiracy, to exceed any authorized access to Exel's protected

computers, and to obtain Exel's emails, email attachments, and other business documents

containing Exel's confidential and proprietary information. He did so to provide a

commercial advantage and private financial gain to himself, TTS, Brown, Kelly and the

unindicted coconspirators.

D.     Brown made unauthorized accesses to and exceeded his authorized access

to  Exel's protected computers and obtained Exel's emails, email attachments, and other

business documents containing Exel's confidential and proprietary information. Brown

frequently forwarded Exel's confidential, proprietary emails and documents to

**Musacchio** and other unindicted coconspirators. He did so to provide a commercial

advantage and private financial gain to himself, TTS, **Musacchio**, Kelly and the

**Second Superseding Indictment (Musacchio) - Page 5**

unindicted coconspirators.

E.      Brown obtained administrative passwords and login information to Exel's protected computers from Kelly and provided the passwords and login information to **Musacchio** to enable him to make unauthorized accesses to the protected computers of Exel and to defraud Exel of its proprietary information and business documents for the benefit of **Musacchio**, Brown, Kelly, the unindicted coconspirators and TTS.

F.      Kelly, while employed by Exel, instructed an Exel IT employee that he should not change the administrative passwords on the Exel computer servers even after Kelly and Brown left Exel or the computer system would crash.  The retention of the same administrative passwords enabled continued unauthorized access to Exel's protected computers after Kelly, Brown, and **Musacchio** left Exel's employment and became employees of TTS, Exel's competitor.

G.      Kelly provided the Exel passwords and login information to Brown.  Brown provided the Exel passwords and login information to **Musacchio,** to enable both Brown and **Musacchio** to make unauthorized accesses to the protected computers of Exel.  He did so to provide a commercial advantage and private financial gain to **Musacchio**, Brown, Kelly, the unindicted coconspirators, and TTS.

Overt Acts

In furtherance of the conspiracy and to achieve its objects, defendant **Michael Musacchio,** coconspirator Joseph Roy Brown, and coconspirator John Michael Kelly, committed and caused to be committed, among others, the following overt acts in the

**Second Superseding Indictment (Musacchio) - Page 6**

Northern District of Texas, and elsewhere:

2004-2005

1.      In or about April 2004, **Musacchio** and unindicted coconspirators DL and

HO, discussed the funding for the formation of a new company, later to be called TTS,

which would compete with Exel in the transportation services industry.  The participants

agreed upon the initial management group of TTS.  Unindicted coconspirators DL and

HO knew that **Musacchio** was obtaining Exel's proprietary and confidential information

for the benefit of TTS.

2.      On or about September 7, 2004, **Musacchio** resigned from his position as

president of Exel effective September 9, 2004.  On or about September 7, 2004,

**Musacchio** and Brown discussed how **Musacchio** could access Exel's protected

computers without authorization after **Musacchio** left Exel's employment.

3.      On or about September 30, 2004, **Musacchio** sent an email with attachment

to unindicted coconspirators DL and HO from his personal comcast.net account with the

message "here is the ETS 2005 budget plan."  The attachment was the budget plan which

was dated after **Musacchio** had left Exel.

4.      On or about December 21, 2004, Brown exceeded his authorized access to

the Exel's email server and to the email account of an Exel employee known to the grand

jury.  Brown used his Blackberry and sent information he had obtained from the Exel

employee's account to **Musacchio** at **Musacchio's** comcast.net email account with the

message: "Some email between Jim and Andrew........Maybe ETS is for sale?"

**Second Superseding Indictment (Musacchio) - Page 7**

5.    On or about January 7, 2005, Brown exceeded authorized access to the

Exel's email server and to the account of a person known to the grand jury.  Brown used

his bellsouth.net account to send information from that account to **Musacchio** at his

comcast.net account with the subject line "You will enjoy this........"  **Musacchio** replied

by email to Brown "This is great stuff!  Thanks."

6.    On or about February 21, 2005, an Exel employee known to the grand jury

sent an email to **Musacchio** in which he asked **Musacchio** not to send items to his Exel

email account due to the "covertness of this operation."

7.    On or about April 22, 2005, Brown, while working at Exel, exceeded his

authorized access and accessed the Exel email accounts for Exel employees.  Brown sent

information containing Exel proprietary business plans to **Musacchio** at **Musacchio's**

comcast.net account.  **Musacchio** replied to  Brown by return email and made the

following request: "Roy, if you can keep watch for replies to this email or anything else

related to it, that would be very helpful!"  Brown responded "Doing my best."

8.    On or about May 16, 2005, **Musacchio** and an independent agent met with

other persons known to the grand jury to discuss a revised business plan for a new

business entity which would compete with Exel.

9.    On or about August 23, 2005, Brown and **Musacchio** exchanged emails in

which Brown provided **Musacchio** with some of Exel's proprietary agency information

which he had obtained from Exel's email accounts by exceeding his authorized access to

Exel's servers.  **Musacchio** emailed Brown that "this will be helpful," then directed

Brown to provide additional emails from the email account of Exel's president.  Brown

**Second Superseding Indictment (Musacchio) - Page 8**

responded that it was possible for him to provide additional emails from that account and asked if there was specific information he should look for.

10.    On or about August 29, 2005, Brown exceeded his authorized access and forwarded an email message sent from "bill.reed@ets.exel.com" to Brown at his Exel account. Brown forwarded this message to his home email account with bellsouth.net. Brown then forwarded the message from his home account to **Musacchio** at **Musacchio's** comcast.net account.

11.    On or about September 1, 2005, Brown emailed Exel's proprietary information to **Musacchio** concerning the possible future acquisition of Exel. **Musacchio** responded to Brown that "This could not be better news," and Brown replied "...this . . . is going to fall right into our plan."

12.    On or about September 20, 2005, Brown exceeded his authorized access to Exel's email server and to the account of the Exel president. He used his bellsouth.net account to send information from the president's Exel account concerning the president's board presentation with an attachment to **Musacchio** at **Musacchio's** comcast.net account. **Musacchio** replied to Brown "you are the Man!"

13.    On or about September 20, 2005, Brown exceeded his authorized access to Exel's email server and to the email account of Exel's president, and obtained a file "Phantom Stock Option programme.xls." He then used his bellsouth.net account to send the file to **Musacchio** at **Musacchio's** comcast.net account. **Musacchio** replied by email: "You are on fire! Take a look at Toad's email and see if he is sucking up to Jim!" Brown then responded: "he is about as much out of the loop as Steve. I have looked but to no

Second Superseding Indictment (Musacchio) - Page 9

great findings [sic]."

14.    Beginning on or about September 20, 2005, and continuing through March 25, 2006, accounts assigned to Brown including his TTS user account used servers including the TTS servers to log onto the Exel servers.  Brown exceeded his authorized access to Exel servers in this manner prior to leaving Exel on October 17, 2005, and acted without authorized access after that date.  While logged on, Brown's accounts accessed the emails and attachments of Exel's president, vice president and other Exel employees more than 300 times.

15.    On or about September 21, 2005, Brown exceeded his authorized access to the Exel's email server and to the email account of the Exel president.  He used  his bellsouth.net account to send information obtained from an email the Exel president sent to another employee's account to **Musacchio** at **Musacchio's** comcast.net account with the subject line "From Jim to Andrew."  On that date Brown also exceeded authorized access to the Exel's email server, and used his bellsouth.net account to send to **Musacchio** at **Musacchio's** comcast.net account an email with attachments concerning proposed corporate changes which was sent from the Exel president to "Andrew/Tony."

16.    On or about October 10, 2005, Brown exceeded authorized access to Exel's email server.  Brown sent an email from his bellsouth.net account containing information obtained from the Exel president's email account to **Musacchio** at **Musacchio's** comcast.net account with the subject line: "Interesting reading........"

17.    Later, on or about October 10, 2005, **Musacchio** replied to Brown's email: "This is great! . . . as long as Exel has something else to focus on, it will keep us off of

Second Superseding Indictment (Musacchio) - Page 10

their radar screen! . . . .Isn't there a way (when the time is right for us to write and email

as Brad to Jim and really make some bogus shit up for them to get excited about? [sic]"

Brown responded "Yes and it sounds like fun . . . that would really [expletive deleted]

with their heads!" **Musacchio** then emailed to Brown "I would like to compose an email

from Brad to Jim.  Can we do it and not have it traced?"  On or about October 11, 2005,

Brown responded "Yes, of course."

18.     On or about October 13, 2005, Brown exceeded his authorized access to

Exel's email server and to the email account of Exel's president.  Brown used his

bellsouth.net account and sent information from the president's email account to

**Musacchio** at **Musacchio's** comcast.net account with the subject line: "RE: You will

enjoy this......."  **Musacchio** replied by email and wrote: "Thanks.  Now the next question

is, how are we going to get into email after you leave?"  Brown replied: "Not a

problem..........I have the back door password that only I know and no one else can

change."  **Musacchio** emailed back to Brown "beauty!"

19.     On or about October 14, 2005, **Musacchio** emailed Brown from his

comcast.net account with the subject line "Follow Up," and directed Brown to "Please

keep looking in Brad's email to see if there id [sic] any information being passed to him

from Frito-Lay about a meeting I will be having with them.  Thanks."

20.     On or about October 26, 2005, Brown sent **Musacchio** information

obtained from an email from Exel Legal Counsel to Exel's president that Brown obtained

by an unauthorized access to Exel's email server.  The email to **Musacchio** had the

subject line "from Dick to Jim."

**Second Superseding Indictment (Musacchio) - Page 11**

21.     On or about October 29, 2005, **Musacchio** emailed Brown and directed "When you are perusing Jim or Andrew's email, please look for monthly/weekly financials. Thanks." Brown replied by email "What month do you want? I have everything up until I left which is through September. October numbers will be next week."

22.     Before Brown left Exel's employment, Kelly showed Brown how to access Exel's email system via the internet. Kelly showed Brown how to use an administrator-level account to access Exel employees' individual email accounts.

23.     On or about October 27, 2005, **Musacchio** forwarded an email to unindicted coconspirator DL which Brown had obtained without authorization from Exel servers. The email which Brown sent to **Musacchio**, and **Musacchio** then forwarded, was from Exel counsel to the Exel president concerning the fact that no Federal Maritime Commission Application existed for **Musacchio**.

24.     On or about November 1, 2005, Brown made unauthorized access to the Exel's email server and accessed the email account of the Exel president. He then used his bellsouth.net account to send information from an email in the president's email account to **Musacchio** at **Musacchio's** comcast.net account with the subject line: "How funny is this shit!"

25.     On or about November 3, 2005, unindicted coconspirator KS used her Hotmail account and sent an email to **Musacchio** containing information about phone calls she had overheard Exel's president making at Exel's office. **Musacchio** thanked her and told her "this is good stuff." **Musacchio** then used his comcast.net email account to email

**Second Superseding Indictment (Musacchio) - Page 12**

Brown with the subject line "FW: Edie, and other misc. gossip." In the email **Musacchio**
wrote: "Confidential to you, but stay close to Jim's email. This is going to get interesting!
Please do not let KS know that I passed this to you! Thanks." Brown responded from his
bellsouth.net email account and stated ". . . I will get back in the email and see what all is
taking place."

26.    On or about November 7, 2005, Brown made unauthorized access to Exel's
email server and accessed the email account of the Exel president. He then used his
bellsouth.net account to send information obtained from an email in the president's
account to **Musacchio** at **Musacchio's** comcast.net account with the subject line: "From
Jim to Dan/Andrew/Tony." On or about November 8, 2005, **Musacchio** sent the email he
had received from Brown to unindicted coconspirator KS with the message, "You didn't
see this. ok."

27.    On or about November 8, 2005, Brown made an unauthorized access to
Exel's email server and the account of Exel's president and sent information from that
account to **Musacchio's** comcast.net account. The email information which Brown sent
had the subject line "Talk between Jim and Dan." On or about November 9, 2005,
**Musacchio** forwarded this email to his wife and admonished her not to say anything
about what he was doing.

28.    On or about November 9, 2005, Brown made an unauthorized access to
Exel's email server and to the email account of Exel's president. Brown sent information
obtained from an email in that account to **Musacchio**. The information included a copy
of an email string between Exel's president and Exel's Legal Counsel which had in the

**Second Superseding Indictment (Musacchio) - Page 13**

subject line "Organizational Announcement" to **Musacchio** with his subject line "They have no idea!!!!!!!!" **Musacchio** forwarded Brown's email to his wife using his comcast.net account.

29.     On or about November 11, 2005, Kelly began training an Exel employee to replace him. Kelly told the Exel employee how to maintain and operate the computer systems at Exel and cautioned him that changing the system passwords would likely cause the system to crash.

30.     On or about November 20, 2004, **Musacchio** sent an email to unindicted coconspirator SB, an Exel employee, to thank him for sending Exel's proprietary "Salesperson Comparison" information to him and asked SB whether he also had YTD figures for sales personnel. SB had sent the Exel proprietary information without authorization.

31.     On or about November 21, 2005, **Musacchio** emailed unindicted coconspirator DL requesting a meeting to discuss a TTS Board of Directors' resolution that **Musacchio** believed was needed, based on information he had received from unindicted coconspirator RE, an Exel employee, concerning a directive he had received from the Exel President and CEO regarding agents.

32.     Beginning on or about November 23, 2005, and continuing through on or about February 12, 2006, user accounts belonging to **Musacchio** including his TTS user account were used to log onto Exel's email servers without authorization, and to make approximately 3,000 unauthorized accesses to emails and attachments belonging to Exel employees.

**Second Superseding Indictment (Musacchio) - Page 14**

33.     On or about November 24, 2005, **Musacchio** emailed Brown from his TTS email account to inform Brown that the Exel web mail server was down and he could not access the email accounts of Exel employees.  **Musacchio's** message read: "When you get a chance, try to get onto ETS's Webmail.  Everything was fine last night, but tonight I get an error message that says 'Failed to Connect to Mail Server.'  I didn't do anything that would lock me out.  Maybe the server is down?"   On November 25, 2005, Brown replied to **Musacchio** from his TTS email account that : "Looks like the server is down ..........guess we will have to wait until someone figures that out."  **Musacchio** replied: "ok, thanks."  Later Brown emailed **Musacchio** that he had restarted Exel's email server remotely and said "It's working now ..........I restarted it remotely..........I guess they have not changed a single password!"

34.     On or about November 26, 2005, **Musacchio** emailed other persons known to the grand jury, and attached a copy of a confidential Exel memo describing Exel's 2006 Agent Retention/Incentives for keeping agents.

35.     On or about November 28, 2005, a person known to the grand jury emailed **Musacchio** and expressed his concern about the legal risks of sending and receiving Exel documents and stated, "We don't want to give Exel grounds for legal action."

2006

36.     On or about January 6, 2006, Brown sent an email to **Musacchio** in which he wrote "Go into the "email" and look at the sent items for JD."

37.     On or about January 6, 2006, an unauthorized access to Exel's email servers was made to the account of an Exel employee known to the grand jury, and then

**Second Superseding Indictment (Musacchio) - Page 15**

**Musacchio** sent Brown information concerning a hold on the checks of sales agents from the employee's email account.

38.     On or about January 7, 2006, **Musacchio** sent an email to Brown, unindicted coconspirators KS, JV,  and other persons known and unknown to the grand jury, in which he asked that they keep "confidential information" that he had provided to them a secret.  **Musacchio** warned them that disclosure of the confidential information would "destroy other people's careers."

39.     On or about October 21, 2005, Brown signed an employment offer letter accepting employment with TTS effective October 24, 2005.

40.     On or about January 7, 2006, **Musacchio** sent an email to Brown with the subject line "ETS Email" and the message "Do you think we are locked out forever??"

41.     On or about January 8, 2006, Brown sent Kelly an email stating "Hey, my back door to you know where is locked out.  Do you know another way in?"  On or about January 8, 2006, Kelly replied to Brown via email with the user names and passwords for the "Exchange_service," "BESAdmin," and "Delano.service" administrator-level accounts that enabled Brown to make unauthorized access to Exel's protected computers.  Brown emailed **Musacchio** later with the subject line "Back door Success" and wrote "I AM IN!!!!!!!!!! Several hours later I can see again!"

42.     On or about January 12, 2006, **Musacchio** emailed Brown with the subject line "Load Tech" and with a message that an Exel employee "found out we are using Load Tech."  Brown replied by email "Do you know how?"  **Musacchio** then emailed Brown the message "Email said someone told her."  Brown emailed back to **Musacchio**

**Second Superseding Indictment (Musacchio) - Page 16**

". . . I will look in her email tomorrow."

43.     On or about January 17, 2006, **Musacchio** sent an email to Brown with a subject line "Go hunting."  The message indicated that **Musacchio** wanted Brown to look at the email accounts of the Exel president, legal counsel, vice president and another officer.  Brown responded that he was heading to dinner, but that when he got to the apartment he would "...dig deep!"

44.     On or about January 17, 2006, Brown made an unauthorized access to the Exel's email server and the account of the Exel president.  Brown sent an email to **Musacchio** with the subject line "Unbelievable email between Jim and Dick...............they are paranoid!" to which he inserted information from an email exchange between the Exel president and Exel legal counsel.

45.     On or about January 21, 2006, Brown and **Musacchio** had email exchanges and discussed the deletion of emails that **Musacchio** had sent to himself with attachments from "other places," and how emails sent by **Musacchio** to a person known to the grand jury could be deleted from that person's laptop.

46.     On or about January 21, 2006, **Musacchio** made unauthorized access to Exel's email server and to the email account of Exel's counsel.  He then sent an email to Brown which contained information taken from the  email account.   The information taken from Exel counsel's email to an outside attorney discussed the possibility of phones being compromised at Exel by their "competitors."  **Musacchio** and Brown had an email exchange in which they discussed Exel counsel's email.

**Second Superseding Indictment (Musacchio) - Page 17**

47.     On January 21, 2006, **Musacchio** emailed Brown and told him to "delete everything I sent you - I am now deleting everything you and I correspond [sic] as soon as I read it."

48.     On or about February 3, 2006, **Musacchio** emailed Brown with the subject line "Levi sent email info to Damman - DELETE AFTER READING."

49.     On or about February 23, 2006, Brown made an unauthorized access to Exel's email servers and to the email account of Exel's president.  After making the unauthorized access, Brown sent **Musacchio** information concerning a confidential email between Exel's president and a person known to the grand jury which had been sent by the president on or about February 22, 2006 with the subject "RE: Confidential - PepsiCo/Frito Lay."  **Musacchio** responded to Brown at his email account at bellsouth.net from **Musacchio's** email account at TTS.

50.     On or about February 23, 2006, Brown made an unauthorized access to Exel's email server and to the email account of Exel's president.  After making the unauthorized access, Brown sent information to **Musacchio** about a confidential email between Exel's president and Exel's vice president which had been sent by the president on or about February 22, 2006 with the subject "RE: Thanks."  **Musacchio** responded to Brown at his email account at bellsouth.net from **Musacchio's** email account at TTS.

51.     On or about February 23, 2006, Brown made an unauthorized access to Exel's email server and to the email account of an Exel employee.  After making the unauthorized access, Brown sent information about a confidential email string between Exel's president and another Exel employee via email to **Musacchio.**  Brown used the

**Second Superseding Indictment (Musacchio) - Page 18**

subject line "Re: Long..........but good." **Musacchio** used his email account at TTS, and

replied to Brown at Brown's email address at bellsouth.net and included the message

"This is a good one!  Looks like we are in good shape.  Sent From Blackberry Handheld,

Please Excuse Typos."

    52.    On or about February 23, 2006, Brown made an unauthorized access to

Exel's email server and to the email account of Exel's president.  After making the

unauthorized access, Brown sent information from a confidential email which was copied

to the president and others known to the grand jury to **Musacchio** at **Musacchio's** email

account.  Brown used the subject line "He sounds pist! [sic]."  **Musacchio** replied from

his email account at tts-us.com to Brown at his email account at bellsouth.net with the

message "Maybe time to call him?..."

    53.    On or about February 23, 2006, Brown made an unauthorized access to

Exel's email server and to the email account of an Exel employee.  After making the

unauthorized access, Brown sent information from a confidential email between Exel's

president and another person known to the grand jury to **Musacchio**. The content of the

Exel president's email discussed the loss of an account for American Suzuki, and the

president's email had the subject line "Re: American Suzuki."  **Musacchio** used his email

account at TTS and replied to Brown via email at his bellsouth.net account with the

statement "Well, now they know. . . ."

    54.    On or about February 23, 2006, Brown made an unauthorized access to

Exel's email server and to the account of Exel's president.  After making the

unauthorized access, Brown sent information obtained from a confidential email between

**Second Superseding Indictment (Musacchio) - Page 19**

Exel's president and a person known to the grand jury to **Musacchio**.  The president's email had a subject line "Key People," and contained a discussion about offering incentives to prevent losing key personnel.  **Musacchio** used his TTS email account to reply to Brown at his bellsouth.net account with the message: "Throw more money after something we are not after!..."

55.     On or about February 24, 2006, Brown made an unauthorized access to Exel's email servers and to the account of Exel's vice president.  After making the unauthorized access, Brown sent information he had obtained from a confidential email in the Exel vice president's email account to **Musacchio** via email.  The confidential email between the vice president and another person known to the grand jury had been sent by the vice president with the subject line "Letter going to West Farm."  **Musacchio** replied to Brown at his bellsouth.net account on the same date from his email account at tts-us.com. In an exchange of emails, **Musacchio** responded to Brown "...We cannot do anything unwise at this time."

56.     On or about February 25, 2006, Brown made an unauthorized access to Exel's email servers and obtained information from an email that Exel's president and another Exel employee had received on that date from the vice president. The email to the president contained the subject line "FW: update information on the action items of the day."   After making the unauthorized access, Brown sent information from the email to **Musacchio** with a blank subject line.  **Musacchio** replied to Brown's email account at Brown's bellsouth.net account from his email account at tts-us.com.

**Second Superseding Indictment (Musacchio) - Page 20**

57.    On or about March 7, 2006, Brown made an unauthorized access to Exel's

email servers and to the email account of Legal Counsel for Exel.  Brown used his email

account at bellsouth.net, and sent information from the Legal Counsel's email account to

**Musacchio** at his TTS email account.  The subject line on the email in the Legal

Counsel's email account which Brown accessed was "RE: Personal Computer - Chain of

Custody" which described Exel's internal investigation into data breaches at Exel,

including the unauthorized destruction of data by Brown and unauthorized removal of

equipment by Kelly.

58.    On or about March 16, 2006, Brown made unauthorized access to Exel's

email servers, after which he sent **Musacchio** via email information from a confidential

internal Exel email.  The email that Brown sent **Musacchio** had the subject line

"Remember to completely delete" and the email sensitivity was indicated as "Private."

Brown's email was responded to by **Musacchio** from an email account assigned to him

by TTS, and was sent to an email account assigned to Brown by TTS.  **Musacchio's**

response was "Well!  We are getting into better and better position!  Thank you for

getting this info."

59.    On or about March 17, 2006, Brown made an unauthorized access to

Exel's email servers and to the account of Exel's president, and sent Exel proprietary

information to **Musacchio** via email which Brown had obtained from internal emails

between Exel's president and a person known to the grand jury.  On or about March 18,

2006, **Musacchio** and Brown exchanged emails with the subject line "Re: Very long but

very good information" in which they debated the merits of an email chain between Exel

**Second Superseding Indictment (Musacchio) - Page 21**

employees which discussed an important Exel client.

60.     On or about March 17, 2006, Brown made unauthorized access to Exel's email server and to the account of Exel's president.  Brown sent information he obtained from  emails between the president and others known to the grand jury to **Musacchio** from his email account at bellsouth.net with the subject line "Dan is outa there!"  **Musacchio** replied to Brown's email from his email account at TTS.

61.     On or about March 24, 2006, in an email string between **Musacchio** and Brown, **Musacchio** instructed Brown "if you go fishing, please look for anything about Mitsubishi quotes by someone."  Brown replied "I am fishing right now actually.  Lisa and Julie disappeared from the meeting and Todd thinks they are over at out office...."  **Musacchio** responded "They are."  Later that day, Brown emailed **Musacchio** with the subject line "Bad News" and informed him "It appears my fishing hole has dried up ...no more fishing."  **Musacchio** responded "Why?"

All in violation of 18 U.S.C. § 371 (conspiracy to violate 18 U.S.C. §§1030(a)(2)(c); (c)(2)(B)(i) and (iii) (unauthorized access to protected computer)).

## Counts 2-3

Unauthorized Access to Protected Computers
(Violation of 18 U.S.C. §§1030(a)(2)(c); (c)(2)(B)(i) and (iii) )

1.      The grand jury hereby realleges and incorporates the allegations set out in

paragraphs 1- 8 of the Introduction and Count 1 of the Indictment.

2.      On or about the dates indicated below, for each count below, in the Dallas

Division of the Northern District of Texas and elsewhere, defendant, **Michael**

**Musacchio**, did knowingly and intentionally access without authorization, and attempted

to access without authorization, an Exel protected computer, as defined at 18 U.S.C. §

1030(e)(2)(B), specifically, to intentionally access a computer without authorization, and

thereby obtain information, and the offense was committed for purposes of commercial

advantage and private financial gain, and the value of the information obtained exceeded

$5,000, in violation of 18 U.S.C. §§1030(a)(2)(c); (c)(2)(B)(i) and (iii), and as a direct

result accessed emails and attached documents contained in the email accounts of Exel

officers and employees, as described below:

| COUNT | DATE | EXEL EMAIL ACCOUNT(S) |
|-------|------|------------------------|
| 2 | 11/23-25/2005 | Exel email accounts of Exel President and Exel legal counsel |
| 3 | 01/21/2006 | Exel's Legal Counsel |

All in violation of 18 U.S.C. §§1030(a)(2)(c); (c)(2)(B)(i) and (iii).

Second Superseding Indictment (Musacchio) - Page 23

A TRUE BILL

*Andrea L. Paggle*

FOREPERSON

SARAH R. SALDAÑA
UNITED STATES ATTORNEY
By:

LINDA C. GROVES
Assistant United States Attorney
Texas Bar No. 08553100
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile:  214.767.2846
Linda.Groves@usdoj.gov

RICHARD D. GREEN
Trial Attorney
Pennsylvania Bar No. 43758
Computer Crime Intellectual Property Section
U. S. Department of Justice
1301 New York Avenue NW, Suite 600
Washington, D.C. 20005
Tel. 202.616.3475
Fax 202.514.6113
Richard.Green@usdoj.gov

Second Superseding Indictment (Musacchio) - Page 24

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

MICHAEL MUSACCHIO

## SECOND SUPERSEDING INDICTMENT

18 USC § 371
Conspiracy to Make Unauthorized Access To Protected Computer

18 USC §§1030(a)(2)(C); (c)(2)(B)(i) and (iii)
Unauthorized Access to Protected Computers

3 Counts

A true bill rendered

---

DALLAS                                                    FOREPERSON

Filed in open court this _____ day of January 2013

---

                                                              Clerk

**Defendant On Bond**

---

UNITED STATES DISTRICT/MAGISTRATE JUDGE
Criminal No. 3:10-CR-308-P

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **3:10-CR-00308-P(1)** |
| **MICHAEL MUSACCHIO** | § USM Number: **42493-177** |
| | § **Jay Ethington** |
| | § Defendant's Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☒ | was found guilty on count(s) after a plea of not guilty | **One, Two and Three of the Second Superseding Indictment filed on January 8, 2013.** |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:371; 1030(a)(2)(c);(c)(2)(b)(i) And (Iii) Conspiracy To Make Unauthorized Access To Protected Computer | 03/01/2006 | 1ss |
| 18:1030(a)(2)(c); (c)(2)(b)(i) And (Iii) Unauthorized Access To Protected Computers | 11/25/2005 | 2ss |
| 18:1030(a)(2)(c); (c)(2)(b)(i) And (Iii) Unauthorized Access To Protected Computers | 1/21/2006 | 3ss |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☐   Count(s) ☐ is ☐ are dismissed on the motion of the United States

      It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 5, 2013**
Date of Imposition of Judgment

Signature of Judge

**Jorge A. Solis, United States District Judge**
Name and Title of Judge

Nov. 19, 2013
Date

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                      Judgment -- Page 2 of 6

DEFENDANT:        MICHAEL MUSACCHIO
CASE NUMBER:      3:10-CR-00308-P(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Sixty (60) months as to count 1of the Second Superseding Indictment and Sixty (60) months as to count 2 of the Second Superseding Indictment to run concurrent with each other; and Three (3) months as to count 3 of the Second Superseding Indictment, to run consecutive to Counts 1 and 2 for a total sentence of Sixty-three months.**

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____         ☐   a.m.   ☐   p.m.   on _____

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on
    ☐   as notified by the United States Marshal.
    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                  Judgment -- Page 3 of 6

DEFENDANT:          MICHAEL MUSACCHIO
CASE NUMBER:        3:10-CR-00308-P(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **three (3) years.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1.   the defendant shall not leave the judicial district without the permission of the court or probation officer;
2.   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3.   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.   the defendant shall support his or her dependents and meet other family responsibilities;
5.   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7.   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10.  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11.  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12.  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13.  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                         Judgment -- Page 4 of 6

DEFENDANT:          MICHAEL MUSACCHIO
CASE NUMBER:        3:10-CR-00308-P(1)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall maintain not more than one business and/or one personal checking account, and shall not open, maintain, be a signatory on, or otherwise use any other financial institution account without the prior approval of the probation officer.

The defendant shall notify the probation officer within 72 hours of acquiring or changing any type of communication device, including pagers, cellular telephones, personal telephones, business telephones, electronic mail addresses, or web addresses.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the probation officer.

The defendant shall provide to the probation officer any requested financial information.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                 Judgment -- Page 5 of 6

DEFENDANT:        MICHAEL MUSACCHIO
CASE NUMBER:      3:10-CR-00308-P(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $300.00 | $.00 | $.00 |

☐   The determination of restitution is deferred until        An *Amended Judgment in a Criminal Case (AO245C)* will be entered
     after such determination.
☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18
     U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐   Restitution amount ordered pursuant to plea agreement $
☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before
     the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be
     subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:
        ☐   the interest requirement is waived for the        ☐   fine        ☐   restitution
        ☐   the interest requirement for the                   ☐   fine        ☐   restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after
September 13, 1994, but before April 23, 1996.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                    Judgment -- Page 6 of 6

DEFENDANT:          MICHAEL MUSACCHIO
CASE NUMBER:        3:10-CR-00308-P(1)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payments of $ _____ due immediately, balance due

      ☐  not later than _____ , or

      ☐  in accordance    ☐   C,    ☐   D,    ☐   E, or    ☐   F below; or

**B**  ☐  Payment to begin immediately (may be combined with    ☐   C,    ☐   D, or    ☐   F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal 20 (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment
      to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release
      from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
      time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:
      **It is ordered that the Defendant shall pay to the United States a special assessment of $300.00 for Counts 1,  2  and 3**
      **of the Second Superseding Indictment which shall be due immediately.  Said special assessment shall be paid to the**
      **Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several
    See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and
    Several Amount, and corresponding payee, if appropriate.

    ☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same
    loss that gave rise to defendant's restitution obligation.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

THOMAS G. BRUTON, CLERK
By: s/ LAURA SPRINGER
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
November 20, 2018

... of Jurisdiction

| | | Case Number (Trans. Court) |
| --- | --- | --- |
| | | 3:10-CR-00308-P (1) |
| | | Case Number (Rec. Court) |

| Name Of Probation... | District | Division |
| --- | --- | --- |
| **Michael Musacchio** | Northern District of Texas | Dallas |
| | Name Of Sentencing Judge | |
| | U.S. District Judge Jorge Solis | |
| | Dates Of Probation/ Supervised Release | From September 6, 2018 — To September 5, 2021 |

**Offense**

Count 1: Title 18 U.S.C § 371; 1030(a)(2)(c);(c)(2)(b)(i) And (Iii)Conspiracy To Make Unauthorized Access To Protected Computer

Count 2: Title 18 U.S.C. § 1030(a)(2)(c); (c)(2)(b)(i) And (Iii) Unauthorized Access To Protected Computers

Count 3: Title 18 U.S.C. § 1030(a)(2)(c); (c)(2)(b)(i) And (Iii) Unauthorized Access To Protected Computers

## PART 1 - ORDER TRANSFERRING JURISDICTION

U.S. District Court For The **Northern District of Texas**

IT IS HEREBY ORDERED that pursuant to 18 USC § 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the U.S. District Court for the Northern District of Illinois, Chicago Division, upon that Court's order of acceptance of jurisdiction.

This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

11/2/18 _____
Date

_____
U.S. District Judge

**FILED**
NOV 19 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

U.S. District Court For The **Northern District of Illinois, Chicago Division**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

11/19/18 _____
Effective Date

_____
U.S. District Judge

Prob22 (Revised 12/12/14)